[No. 3891. Decided April 3. 1902.]

W. H. OVERLOCK, as *Administrator, Respondent,* v. WILLIAM J. SHINN *et al., Defendants,* N. W. PARKER, *Appellant.*

ACTIONS — ABATEMENT BY DEATH — NEW SUIT BY REPRESENTATIVE — CONSTRUCTION OF STATUTE.

Under Bal. Code, § 4837, which provides that "no action shall abate by the death   .   .   .   of the party,   .   .   .   if the cause of action survive or continue; but the court may at .any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest," an action abates upon the death of plain-

tiff, where more than one year elapses thereafter without any disposition being made of it, and therefore it would not be a bar to the commencement of a second action by the administrator of deceaent.

SAME — SUITS IN EQUITY.

Under the statute of this state (Bal. Code, § 4793) abolishing forms of actions, the common-law rule relating to the abatement of actions on the death of a party is applicable to suits of equitable cognizance.

Appeal from Superior Court, King County.—Hon. William Hickman Moore, Judge. Affirmed.

*McClure & McClure*, for appellant.

*Henry B. Madison* and *Root, Palmer & Brown*, for respondent.

The opinion of the court was delivered by

Fullerton, J.—This is an action brought to foreclose a real estate mortgage. The mortgage sued upon was executed by the defendants William J. Shinn and May R. Shinn, his wife, to one Emeline Burgett, since deceased, and the respondent sues as administrator of her estate. The action was begun on February 10, 1900. To the complaint, which was in the usual form, the appellant Parker, answered, putting in issue certain of its allegations, and pleading affirmatively the following:

. "1. That on, to wit, the 8th day of November, 1895, the said Emeline Burgett mentioned in plaintiff's complaint, being then and there the owner and holder of the note, coupon notes and mortgage mentioned in said complaint, commenced an action in the superior court of the state of Washington for King county, in which action the said Emeline Burgett was plaintiff and the defendants in this action were defendants, for the purpose of obtaining judgment upon the note and coupon notes and for the foreclosure of the mortgage mentioned in plaintiff's complaint herein. That in said action this defendant was

duly served with summons and duly appeared and answered.

"2.    That thereafter and on the 23d day of January, A. D. 1896, the said Emeline Burgett died; and that neither the plaintiff herein nor did any other person, as administrator of the estate of said Emeline Burgett, or as executor of her last will and testament, or as her representative or successor in interest, continue said action.

"3.    That at the time this action was commenced the prior action in this affirmative defense above mentioned, wherein the said Emeline Burgett was plaintiff and the defendants herein were defendants, was and is now pending and undetermined in this court."

A general demurrer was interposed and sustained to this affirmative defense, and a trial had on the issues of fact raised by the answer, resulting in a judgment of foreclosure.

The errors assigned raise the question whether an action, the cause of which survives the death of a party, brought by a plaintiff who afterwards dies, is a bar to another action brought by his representative on the same cause of action after the lapse of one year from the time of the plaintiff's death, no disposition having been made of the first action prior to the commencement of the second.    The statute applicable to this question reads as follows:

"No action shall abate by the death, marriage, or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest."    Bal. Code, § 4837.

The appellant argues that the first clause of this section is mandatory, and provides in terms that no action shall abate by the death of a party if the cause of action survives or continues; that the latter clause, permitting it to

be continued by the decedent's representative, is permissive only, to be granted or denied in the sound discretion of the court; and, whether it is so continued or not, it is still an action pending, and a bar against any subsequent action on the same cause of action, so long as it remains undisposed of. But we cannot think this is the meaning of the statute. At common law an action abated by the death of a party before trial or verdict, whether such party was plaintiff or defendant. If the cause of action was one that did not survive, death put a final end to the action. If the cause was one that did survive, a new action by or against the personal representative of the deceased party was required to enforce the remedy. The inconvenience resulting from this rule of the common law led to the adoption of the statute, and it is only by statute that the right of a representative to continue an action begun by his principal exists. The statute conferring the right must, therefore, be read as a whole, and effect be given, if possible, to all of its provisions. In the statute before us, while it states in the first clause, as the appellant says, that no action shall abate by the death of a party, it is plain that the second clause is a limitation upon the first. By this second clause the right of the representative to continue the action is limited to one year. Within that time, whether it be a right of the representative to have the action continued or whether it be within the discretion of the court to permit it to be continued, the court may allow it to be done, even against the objection of the surviving party. After that time this right or discretion, whichever it may be, ceases; and the court cannot, after the expiration of the year, permit a representative of a deceased plaintiff, over the objection of the defendant, to continue an action begun by a plaintiff who dies while the action is pending. This much

seems clear.  It seems clear, also, from the general principles and rules governing the practice in civil cases,
that the representative of a deceased plaintiff would not
be heard to move for a discontinuance of an action in a
case where he would not be heard to move for its continuance.  This being true, it follows, if the appellant's
contention be sound, that a defendant in a case like the
one at bar occupies a very advantageous position.  He
can prevent the continuance or discontinuance of the
original action, and can plead such action in bar of any
subsequent action brought upon the same cause of action.
Clearly, the statute was not intended to authorize or permit such a condition as this.  It was intended to be remedial; to promote justice, not to operate as a denial thereof;
and a proper construction of its provisions authorizes the
conclusion that an action after the death of a party abates
if no application is made to continue it within one year
after the death of such party.

The cases where this precise question was involved
seem not to be many.  In so far as they have been called to
our attention, however, they support the conclusion we
have reached.  In Alabama, under a statute almost the
exact counterpart of our own, it was held that an action
abated if application was not made to continue it within
the statutory time.  Referring to the statute, the court
said:

"Its first and main object is to provide for cases where
a sole plaintiff or sole defendant dies, or all the plaintiffs or all the defendants die, leaving the suit without a
party or record, either plaintiff or defendant.  This, if
not cured, causes an abatement; for a suit can not exist
without antagonizing parties.  In such case, if the cause
of action survive, the statute allows eighteen months, and
only eighteen months, within which to revive in the name

of, or against the successor or representative of the deceased party. Failing, the suit abates." *Phoenix Insurance Co. v. Moog,* 81 Ala. 335 (1 South. 108).

So, in Kansas, under a somewhat similar statute, it is held that, where a party to an action has been dead for so long a time that the action cannot be revived without the consent of parties, which consent is not given, the action abates. *New Hampshire Banking Co. v. Ball,* 57 Kan. 812 (48 Pac. 137). So, in 1 Cyc. Law & Proc. p. 104, it is said: "In states prescribing a time within which applications to continue or revive an action should be made, a failure to apply for a continuance or revival within the time so prescribed is usually fatal"; citing cases which, if not in point on the precise question presented, will be found instructive on the principles involved.

It is further contended that the rule of the common law relating to the abatement of actions on the death of a party had no application to suits in equity, and hence neither that rule nor the statute can apply to the case here presented. If, however, it be true that the common law rule of abatement did not apply to suits in equity, it does not follow that such is the rule under the code practice. In this state forms of actions are abolished by statute, and general rules are prescribed, intended to govern rights and proceedings in all classes of actions, whether the same be of legal or equitable cognizance. It is, no doubt, true that the courts are compelled to and do recognize certain natural inherent distinctions between the different classes of actions which the statutes do not seem to contemplate; but statutes which provide for the manner of bringing a defendant into court, regulating the procedure therein, fixing limitations upon the right to maintain actions, and the like, are usually held to apply to all

classes of actions, and should be so held, where they do not conflict with some fundamental right. The section in question is fully as applicable to an action of equitable cognizance as it is to one purely legal in its nature, and must be given the same effect in both.

As the action pleaded in bar had abated prior to the time of the commencement of this action, it was no bar thereto, and the court did not err in so holding.

The judgment appealed from is affirmed.

REAVIS, C. J., and MOUNT, HADLEY, WHITE, ANDERS and DUNBAR, JJ., concur.