[No. 14237. Department Two. May 7, 1918.]

## J. M. Mohney, *Appellant*, v. Walter Davis *et al.*, *Respondents*.[1]

Parties—Substitution—Statutes. The probate code, Laws 1917, p. 674, § 116, providing for the substitution of parties in actions pending against a decedent at the time of his death, applies to actions pending in the superior court, and does not repeal Rem. Code, § 1743, relating to substitutions in the supreme court upon the death of party after final judgment in the superior court.

Appeal—Parties—Death Pending Appeal—Substitution — Time —Statutes. Rem. Code, § 1743, providing for substitution on appeal in case of the death of a party after final judgment "as in case of the death of a party pending an action in the superior court," refers to the act of 1917, p. 674, § 116, providing that such substitution be made within 90 days after the first publication of notice to creditors, which provision is mandatory.

Applications filed in the supreme court February 4, 1918, for orders to substitute representatives of deceased parties on appeal. Granted as to respondent James M. Davis; denied as to respondent Edith M. Rigg.

*Voorhees & Canfield* and *C. E. H. Maloy*, for appellant.

*Hanna & Hanna* and *M. F. Gose*, for respondent James M. Davis.

*Wakefield & Witherspoon* and *M. F. Gose*, for respondent Edith M. Rigg.

Holcomb, J.—This cause is before us on applications to substitute representatives of deceased parties, on appeal.

Plaintiff brought this action for fraud and conspiracy upon eleven causes of action, ten of which were assigned to him. He recovered judgment· against Beck

[1]Reported in 171 Pac. 919.

and Davis upon seven causes of action. Plaintiff appealed from the judgment dismissing the first, fourth, ninth and tenth causes of action, and defendants Beck and Davis appealed on September 27, 1916, from the judgment against them, and thereafter, on April 18, 1917, gave a supersedeas bond which stayed the collection of the judgment against them until the disposition of the appeal. On May 18, 1917, defendant and cross-appellant Beck died. Edith M. Rigg was appointed executrix of his estate, and notice to creditors was given July 5, 1917. On October 22, 1917, defendant and cross-appellant Davis died. James M. Davis was appointed executor of his estate, and notice to creditors was published December 14, 1917. Motions for substitution of parties were made and served by plaintiff on the 28th and 29th of January, 1918. The executrix and executor resist this motion on the ground that the cause of action has abated and that the motion is untimely under § 116, p. 674, ch. 156, Laws of 1917, which is:

"If any action be pending against the testator or intestate at the time of his death, the plaintiff shall within ninety days after first publication of notice to creditors, serve on the executor or administrator a motion to have such executor or administrator, as such, substituted as defendant in such action, and, upon the hearing of such motion, such executor or administrator shall be so substituted, unless, at or prior to such hearing, the claim of plaintiff, together with costs, be allowed by the executor or administrator and the court. After the substitution of such executor or administrator, the court shall proceed to hear and determine the action as in other civil cases."

We will concede the effect of this statute if this action were pending in the superior court. It does not attempt to legislate on the subject of appeals, nor does the probate code explicitly repeal Rem. Code, § 1743.

The power of this court to substitute parties in appealed cases must be gathered from this statute. Rem. Code, § 1743, is:

"The death of a party after the rendition of a final judgment in the superior court shall not affect any appeal taken, or the right to take an appeal, but the proper representatives in personalty or realty of the deceased party, according to the nature of the case, may voluntarily come in and be admitted parties to the cause, or *may be made parties at the instance of another party, as may be proper, as in case of death of a party pending an action in the superior court,* and thereupon the appeal may proceed or be taken as in other cases; and the time necessary to enable such representatives to be admitted or brought in as parties shall not be computed as part of the time in this act limited for taking an appeal, or for taking any step in the progress thereof."

The probate procedure of these two deceased parties would come under Laws of 1917, ch. 156, p. 642. It is plain that the clause in § 1743, *supra,* "as in case of death of a party pending an action in the superior court," refers us to the law in force at the time for substituting parties in case of death in the superior court. Laws of 1917, ch. 156, p. 674, § 116, as above quoted, provide that, within ninety days after first publication of notice to creditors, plaintiff shall serve a motion on such executor or administrator to have a substitution of defendant made. This statute is mandatory. It will therefore be seen that the motion for substitution of Edith M. Rigg, executrix, for George C. Beck, defendant, is untimely and must be denied, the motion having been made more than ninety days from the date of first publication of notice to creditors.

The motion for substituting James M. Davis, executor, for the defendant Walter Davis, having been

made within ninety days from the date of the first pub-
lication to creditors, will be granted, and it is ordered
that James M. Davis, executor, be substituted as de-
fendant in place of Walter Davis, deceased.

Ellis, C. J., Mount, and Parker, JJ., concur.