[No. 14237.   Department One.   November 20, 1918.]

# J. M. MOHNEY, *Appellant,* v. WALTER DAVIS *et al., Respondents.*[1]

APPEAL (428) — HARMLESS ERROR — ERROR ON ISSUES FOUND IN FAVOR OF APPELLANT. An instruction on the subject of the limitation of actions does not work to the prejudice of the plaintiff upon causes of action upon which the jury found in favor of the plaintiff.

CORPORATIONS (81)—ACTIONS BETWEEN MEMBERS—LIMITATIONS—DISCOVERY OF FRAUD—DUTY OF OFFICERS. An officer of a corporation, suing fellow officers for fraud in misrepresenting the land values of the corporation, owes the duty of reasonable prudence in discovering the facts to start the running of the statute of limitations, and instructions to that effect need not invoke the rule that would be applicable in case plaintiff had been a stranger to the corporation or his fellow officers.

APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS—PREJUDICIAL EFFECT. In an action by an officer of a corporation against fellow officers for fraud, it is not prejudicial error to instruct that a corporate officer is charged with notice of all facts shown by the records of the corporation where the facts on which recovery was sought were not shown by the records and the subject was foreign to the jury's inquiry.

FRAUD (11-1)—ACTIONS—DEFENSES. In an action by an officer of a corporation against fellow officers for fraud in the sale of stock, there can be no recovery where there was no evidence that the defendants made or authorized any of the representations inducing the purchase, all of which were made by a third person.

SAME (11-1). In an action for fraud in the sale of stock by misrepresenting the value of certain corporate lands, plaintiff cannot complain that the corporation obtained no title because the purchase was in fraud of the government, where the government had taken no steps to challenge or set aside the title.

APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS—PREJUDICIAL EFFECT. Error in failing to instruct upon the measure of damages is not prejudicial to plaintiff where he did not complain of the amount of damages awarded him.

APPEAL (352)—ASSIGNMENT OF ERRORS—FAILURE TO ASSIGN IN BRIEF. In the absence of any assignment of error or argument in

[1]Reported in 176 Pac. 31.

the brief, there can be no reversal upon a cross-appeal by defendants, although they appealed and filed supersedeas bonds staying execution.

Cross-appeals from a judgment of the superior court for Spokane county, Blake, J., entered June 30, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages. Affirmed.

*Voorhees & Canfield* and *C. E. H. Maloy,* for appellant.

*Hanna & Hanna* and *Wakefield & Witherspoon,* for respondents.

PARKER, J.—This action was brought by the plaintiff, Mohney, against the defendants, Davis and Beck, in the superior court for Spokane county, seeking recovery of damages upon eleven causes of action, ten of which were assigned to him. Trial upon the merits in that court sitting with a jury resulted in verdict and judgment awarding the plaintiff recovery upon seven of the assigned causes of action and denying him recovery upon the other four causes of action, one of the latter being taken from the jury, the court deciding, as a matter of law, that the plaintiff could not recover thereon. The plaintiff appealed from the judgment in so far as it denies him recovery upon the four causes of action. The defendants thereafter appealed from the judgment in so far as it awards Mohney recovery against them upon the seven causes of action.

The claim of damages made by Mohney and his assignors rests upon the alleged false and fraudulent representations made by Davis, Beck and others, acting in concert with a common design, as to the quality and value of lands owned by the Skeena Valley Land

Company, inducing Mohney and his assignors to purchase shares of the capital stock of that company.

In the fall of 1909, one Callahan approached Davis and Beck with a view to inducing them to become interested with him in the organization of a corporation to purchase and sell lands situated in the Cassiar land district, in British Columbia. Callahan was apparently acquainted with the lands which it was contemplated should be acquired by the corporation. Davis and Beck were both residents of this state and knew nothing of the quality or value of the lands or of the agricultural possibilities of the district in which they were situated. After arriving at an understanding with Callahan, one Crane, and some others, touching the acquisition of the lands, the capitalization of the company and the number of shares of capital stock to be left in the treasury of the company to be offered for sale to the public, articles of incorporation were prepared and signed by Callahan, Crane, Davis, Beck and two others, which were duly filed in the proper offices of this state, resulting in the due incorporation of the Skeena Valley Land Company in May, 1910. In June, 1910, the first payments were made upon the lands to the proper officers of the British Columbia government, and sometime thereafter title thereto was perfected to the satisfaction of that government, through which title the land company acquired its title to the lands. Callahan, Crane, Davis, Beck and two others were the original trustees named in the articles of incorporation; Mohney, Clemmer and Dr. Balsiger, two of Mohney's assignors, having become interested in the company by the purchase of treasury stock, were, at a meeting on July 30, 1910, duly elected trustees of the corporation, and thereafter, it seems to us, exercised as much as, or even more, active control over the

affairs of the company than did either Davis or Beck. In June, 1910, Crane was authorized by the trustees to go to British Columbia, examine the lands and report upon their quality and value, with a view to checking the information on that subject acquired from the talk with Callahan. Crane reported to the meeting of July 30, 1910. This report was favorable as to the quality and value of the lands, which, with the talk of Callahan, furnished Mohney, Clemmer and Dr. Balsiger all the information which Davis or Beck ever had on that subject until long after the purchase of stock by Mohney and his assignors. Most of the stock purchased by these three was purchased after this meeting. Clemmer, however, had purchased some stock before then, but he did so upon information of the same kind and from the same source as Davis and Beck had acted upon, to wit, the representations of Callahan. Long after the stock purchase by Mohney and his assignors, the lands were discovered to be of little value. While Davis and Beck were, in law, officers of the company, they were practically only nominally so in so far as the active management of its affairs were concerned, Callahan having the active management, especially in so far as the sale of the treasury stock was concerned. This was accorded him by Mohney, Clemmer and Dr. Balsiger, as well as by Davis and Beck. This action was commenced in March, 1915, more than four years after Mohney, Clemmer and Dr. Balsiger had purchased their stock, become officers of the corporation, and possessed all the knowledge as to the value of its lands which was possessed by either Davis or Beck.

The verdict and judgment, in so far as it awarded recovery to Mohney upon the seven assigned causes of action, was evidently rested upon the theory that

Davis and Beck, being officers of the corporation, were liable to those assignors as strangers to the corporation, and hence, in law, liable for the misrepresentations made by Callahan as to the value of the lands, inducing those assignors to purchase the treasury stock. The verdict and judgment, in so far as it denied to Mohney recovery upon his own cause of action and those of Clemmer and Dr. Balsiger assigned to him, was evidently rested upon the theory that those causes of action were barred by the three-year statute of limitations; or upon the ground that there were no false representations made by Davis or Beck to Mohney, Clemmer or Dr. Balsiger, and that they, at the time they purchased their stock, were possessed of all the information, and from the same source, as to the value of the company's lands as were Davis and Beck. The judgment, in so far as it denied to Mohney recovery upon the remaining cause of action which was assigned to him by Henry Balsiger, a cousin of Dr. Balsiger, was evidently rested upon the theory that there was no evidence of any representations, for which Davis or Beck were responsible, inducing Henry Balsiger to purchase his stock.

It is contended in appellant Mohney's behalf that the trial court erred in giving to the jury its instruction No. 4 as follows:

"(a) Having laid before you the character of the action and the claims of the parties as set up in their pleadings, I will now state to you the law that is to govern you in your consideration of the evidence. At the threshold of the case we are met by a statute of the state of Washington which provides that actions for fraud shall be commenced within three years after the party claiming the fraud discovers the facts constituting the fraud. In this connection I instruct you that if the plaintiff, or any of his assignors, knew of the facts which they now claim to be fraudulent (*or if*

*the plaintiff or any of his assignors were in a posi-
tion where, by the exercise of reasonable prudence,
they could or would have discovered such facts,* or if
they were cognizant of such facts that would arouse
the suspicion of a reasonably prudent man, and put
him on inquiry to ascertain the truth or falsity of
such facts) more than three years prior to the 9th day
of March, 1915 (the day on which this action was com-
menced), then the action of the plaintiff or the cause ·
of action upon the assignment of such an assignor is
barred by the statute and no recovery can be had on
such cause of action. *And in this connection you may
take into consideration the official connection, as direc-
tor or other officer of the corporation, of the plaintiff
or assignor in determining at what time he came into
such knowledge of the facts, or came into a position
where it was incumbent upon him to make inquiry or
investigation.* (b) *And I further instruct you that a
director or officer of the corporation is chargeable with
knowledge of all facts which the records of the corpo-
ration disclose.*"

We have italicized, as counsel have done, the por-
tions of this instruction of which they complain as
being "particularly objectionable." We have also
designated the two portions thereof by letters (a) and
(b), since we think they require separate treatment by
us. We are to remember that the only question of
error here to be considered is as to whether or not
this instruction was erroneous and worked to the prej-
udice of the rights of Mohney as to his own cause of
action and as to those of Clemmer and Dr. Balsiger
assigned to him. Manifestly this instruction did not
work to the prejudice of Mohney's rights to recover
upon the seven causes of action assigned to him by
strangers to the corporation upon which he was
awarded recovery by the verdict and judgment, since
the verdict and judgment determined, in effect, that
those causes of action were not barred. We are also

to remember that Mohney, Clemmer and Dr. Balsiger were, as early as July, 1910, more than four years prior to the commencement of this action, trustees of the corporation, and at least as actively engaged in the management of its affairs as were Davis and Beck, and also that they had, at that time, as much knowledge of the quality and value of the lands as had Davis and Beck, which knowledge came to them from the same source as that from which Davis and Beck received their knowledge upon that subject.

It is argued that the instruction ignores the rule, as claimed by counsel, that, in such cases as this, in order to start the statute of limitations running against the injured party, he must have such knowledge as will put him upon inquiry as to the wrong which he claims worked to his injury. Reading the portion (a) of the instruction as a whole, we think it does not ignore to Mohney's prejudice the rule invoked by counsel, in so far as we are concerned with his own cause of action and those of Clemmer and Dr. Balsiger. In the first italicized portion of the instruction, the jury are told that, ''if the plaintiff or any of his assignors (this for present purposes means only Mohney, Clemmer and Balsiger) were in a position where, by the exercise of reasonable prudence, they could or would have discovered such facts,'' then such cause or causes would be barred. As to these causes of action, the question was not merely of Mohney, Clemmer and Dr. Balsiger having knowledge of facts suggesting inquiry on their part as to the quality and worth of the lands, but it was a question of their knowledge and duty in that respect as officers of the corporation with Davis and Beck. It is not a question of their rights as strangers to the corporation against Davis and Beck. The peculiar position in which we find Mohney, Clemmer and

Dr. Balsiger, we think, calls for their exercising reasonable prudence and care in their official positions at that time looking to the learning of the quality and value of the company's lands, in so far as their rights against Davis and Beck are concerned. If they had been strangers to the corporation and to Davis and Beck, instead of being trustees and fellow officers with Davis and Beck, there might be some reason for the narrower application of the rule invoked by counsel for Mohney. We think the portion (a) of the instruction, read as a whole, was as favorable to Mohney, touching his own cause of action and those of Clemmer and Dr. Balsiger assigned to him, as he was entitled to under the facts of the case. Indeed, it might well be argued that the facts of the case did not call for any instruction of this nature.

Contention is made in Mohney's behalf that the portion (b) of the instruction was erroneous. There may be circumstances under which an officer of a corporation would not be chargeable with knowledge of all facts disclosed by the records of the corporation, but this portion of the instruction was clearly without prejudice in this case, because the facts upon which recovery was sought were not facts disclosed by the records of the corporation. This portion of the instruction was so clearly foreign to any question the jury was called upon to decide that we think it must be concluded that the jury were not thereby in the least prejudiced against Mohney, Clemmer or Dr. Balsiger.

Contention is made that the trial court erred in taking from the jury the cause of action assigned by Henry Balsiger to Mohney and deciding, as a matter of law, that no recovery could be had thereon; and in this connection it is contended that the trial court

erred in excluding the deposition of Henry Balsiger
taken in Colorado.  This purchase of stock was made
by Henry Balsiger through Dr. Balsiger, his cousin.
We think there was no evidence that Davis or Beck
made or authorized any of the representations which
induced this purchase by Henry Balsiger, but that the
acts and words of Dr. Balsiger, his cousin, induced the
purchase; and this we think must be the conclusion to
be reached, even though the excluded deposition be
considered in evidence, which deposition we find
among the exhibits and have read.  We think the court
did not err in deciding, as a matter of law, that there
could be no recovery upon this cause of action, nor
was there prejudicial error in excluding the deposi-
tion, since the result must have been the same had the
deposition been read in evidence at the trial.

Some contention is made that the lands were ac-
quired from the government of British Columbia in
fraud of its rights, and that therefore the land com-
pany never acquired any title to the lands.  A suf-
ficient answer to this contention seems to be found in
the fact that title was acquired to the several tracts
of land from the government of British Columbia by
proceedings and payment of purchase price to its sat-
isfaction, and that it is not in any manner challenging
such title or seeking the setting aside of it upon the
ground of fraud.  This contention is made as affecting
the measure of damages, it being claimed that had the
trial court not, in effect, assumed, in the presence of
the jury, that the corporation acquired good title, but
left that question for determination by the jury, it
might have awarded a larger amount of damages upon
the theory that the company had no title to any land,
rather than upon the theory that it had title to land
of some value.  But this view at once shows that the
assumption of the court was, in any event, without

prejudice to Mohney, because he is not appealing from the award of recovery made to him by the judgment rendered upon the seven causes of action, and hence there is no question of error here touching the measure of damages as to those causes of action; and, since the jury declined to award him any recovery upon his own cause of action and those of Clemmer and Dr. Balsiger, manifestly there is no question here of the measure of damages as to those causes of action.

Some other claims of error are made in behalf of Mohney, but we think they are without merit as affecting his rights touching the four causes of action as to which he was denied recovery. We conclude that the judgment must be affirmed in so far as it denies to Mohney recovery upon the four causes of action.

While Davis and Beck have appealed from the judgment in so far as it awards recovery to Mohney against them upon the seven causes of action, and supersedeas bonds have been executed and filed in their behalf staying the execution of judgment against them, there is no assignment of error or argument made here in support of their appeals. This condition of the record also calls for an affirmance of the judgment in so far as it awards to Mohney recovery against Davis and Beck upon the seven causes of action.

We note that both Davis and Beck have died pending these appeals. Some questions arose because of their deaths, which were, in a measure, disposed of by our decision rendered May 7, last, *Mohney v. Davis*, 102 Wash. 158, 172 Pac. 919. Our disposition of Mohney's appeal upon the merits renders it unnecessary to here notice those questions.

The judgment is in all things affirmed. Neither party shall recover costs in this court.

FULLERTON, TOLMAN, and MITCHELL, JJ., concur.