[No. 42889.   En Banc.   May 29, 1974.]

ANTHONY PETRARCA et al., Respondents, v. MASON HALLIGAN et al., Respondents, JOAN D. YAZZOLINO, Petitioner.

*Binns, Petrich, Mason, Hester & Robson,* by *John A. Petrich,* for petitioner.

*Manza, Moceri, Gustafson, Narigi & Messina,* by *Michael S. Manza,* for respondents.

UTTER, J.—Joan D. Yazzolino, the personal representative of the estate of Mason C. Halligan, appeals from an order of

the trial court granting a motion to substitute her, in place of the decedent, Mason Halligan, as a party defendant in a lawsuit by respondents, Anthony and Dominic Petrarca and their wives, as plaintiffs.

The sole issue is whether the court has jurisdiction to enter an order substituting the personal representative of the deceased when the motion to substitute is not made within 90 days after the first publication of notice to creditors. We hold that it may under CR 25(a)(1) and affirm the trial court.

Respondents brought an action against Mason Halligan and others on June 28, 1971. Halligan answered the complaint but died while the action was pending on December 12, 1972. Joan Yazzolino was appointed personal representative of the estate on January 2, 1973, and the first notice to creditors was published on January 3, 1973. Plaintiffs filed a claim in the estate within the required time. This claim was rejected by the personal representative on April 18, 1973.

A motion to substitute the personal representative in place of the deceased was served on the personal representative on April 27, 1973, and the personal representative appeared specially to file her objections to the motion for substitution.

The personal representative argues the court has no jurisdiction to substitute her for the deceased inasmuch as respondents failed to serve the motion to substitute within the 90 days following publication of the first notice to creditors provided for by RCW 11.40.100:

> Action pending at death of testator—Substitution. If any action be pending against the testator or intestate at the time of his death, the plaintiff shall within ninety days after first publication of notice to creditors, serve on the personal representative a motion to have such personal representative, as such, substituted as defendant in such action, and, upon the hearing of such motion, such personal representative shall be so substituted, unless, at or prior to such hearing, the claim of plaintiff, together with costs, be allowed by the personal representative and court. After the substitution of such personal representa-

tive, the court shall proceed to hear and determine the action as in other civil cases.

In *Mohney v. Davis,* 102 Wash. 158, 172 P. 919 (1918), we considered a similarly worded statute, held the 90-day filing provision mandatory and dismissed an action which failed to comply with the strict wording of the statute.

Respondents urge that CR 25(a)(1) applies and that the court has discretion to dismiss the action as to the deceased party if the action is not filed within the 90 days provided by RCW 11.40.100. CR 25(a)(1) provides:

> *Procedure.* If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided by Rule 5 for service of notices, and upon persons not parties in the manner provided by statute or by rule for the service of a summons. If substitution is not made within the time authorized by law, the action may be dismissed as to the deceased party.

We have recently emphasized that the goal of the revision of the rules of civil procedure in 1967 was to "eliminate many procedural traps now existing in Washington practice." Foreword to Civil Rules for Superior Court, 71 Wn.2d xxiii, xxiv (1967). *Curtis Lumber Co. v. Sorter,* 83 Wn.2d 764, 522 P.2d 822 (1974). We there stated, "the basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as 'the sporting theory of justice.' "

The facts of the present case illustrate such a trap. The claim of plaintiffs was filed in the estate within the proper time limit. The claim was not rejected, however, until more than the 90 days allowed in RCW 11.40.100 to move to substitute the personal representative had elapsed. When the 90 days passed on April 3, 1973, respondents could have

still believed their claim would be accepted by the estate and that moving to substitute the personal representative for the deceased would be a useless act.

Petitioner urges we construe CR 25(a)(1) to apply to "parties" and that where only defendants are involved, RCW 11.40.100 be held to apply specifically to them. Such an interpretation, while technically feasible, would defeat the broad purpose for which the rules were enacted of eliminating traps for practitioners. CR 25(a)(1) which provides the action "may be dismissed as to the deceased party" vests the superior court with discretion to substitute the personal representative, even if the substitution is not made within the time authorized by RCW 11.40.100. The mandatory language of the statute is superseded by the permissive language of the court rule. *LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 496 P.2d 343 (1972). Where rule of court is inconsistent with the procedural statute, the power of this court to establish the procedural rules for the courts of this state is supreme. The *Mohney* case is not controlling as there was no conflicting rule of court at the time that case was decided.

Petitioner argues that the rule does not give the court the power to substitute the personal representative if the motion is not timely made. She urges the rule only gives the court the authority to decide, in its discretion, whether or not to dismiss the action as to the deceased party and that the statute still governs as to substitution of the personal representative. While again, such an interpretation is technically feasible, we believe the intent of the rule was to make discretionary all time limits applicable to the procedure for substitution of proper parties to avoid procedural traps.

Judgment affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied July 31, 1974.