[No. 21344-0-I. Division One. December 12, 1988.]

FEROL A. BARKER, *Appellant,* v. MARIA MORA, ET AL, *Respondents.*

826

*John S. Mills* and *Reaugh, Fischnaller & Oettinger,* for appellant.

*Edwin J. Snook* and *Peterson, Lycette & Snook,* for respondents.

REVELLE, J.*—The personal representative of Ferol A. Barker appeals from the dismissal of Barker's complaint for failure to move for substitution of parties within 1 year of Barker's death. We reverse and remand.

### PROCEDURAL FACTS

On July 10, 1984, Barker filed a complaint seeking recovery for damages to her person arising out of a slip and fall incident on the defendants' business premises. On October 14, 1986, defendants' motion for summary judgment was denied because genuine issues of material fact existed. Trial was set to begin December 7, 1987.

On January 26, 1986, Barker died from causes alleged to be a result of her fall.[1] On October 12, 1987, plaintiff's

---

*Judge George H. Revelle is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]At page 2 of their brief, respondents state that Barker "died of causes unrelated to her broken leg. CP 22–24." The record does not support this statement.

counsel moved for leave to amend plaintiff's complaint to substitute Barker's personal representative as plaintiff and to add wrongful death and survival claims. Defendants cross–moved for dismissal on the basis that RCW 4.20.050 requires that the substitution must occur within 1 year of the death of the plaintiff and that failure to do so results in the abatement of the action. Both motions were heard on October 19, 1987. Defendants' motion to dismiss was granted. Plaintiff's motion to amend was denied as untimely.

STATUTES AND RULES INVOLVED

RCW 4.20.050 provides:

No action shall abate by the death, marriage or other disability of the party, or by the transfer of any interest therein, if the cause of action survives or continues; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest.

Appellant argues that the portion of the statute preceding the semicolon is substantive, while the remainder is procedural. She contends that this "procedural" portion of the statute is in conflict with Superior Court Civil Rules 17 and 25, and that the civil rules control over conflicting procedural statutes. *State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984) (citing *Petrarca v. Halligan*, 83 Wn.2d 773, 522 P.2d 827 (1974)).

CR 17

CR 17 provides in relevant part:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; . . .

---

Thus we consider plaintiff's amendment to allege survival claims (RCW 4.20.046) and survival actions for personal injury resulting in death (RCW 4.20.060). *See White v. Johns–Manville Corp.*, 103 Wn.2d 344, 693 P.2d 687 (1985).

Appellant contends that the dismissal of her complaint violated CR 17 because a reasonable time was not allowed to substitute the personal representative as the real party in interest. However, respondents correctly point out that appellant failed to raise the CR 17 argument before the trial court. Accordingly, this issue cannot be raised for the first time on appeal. *United States Fire Ins. Co. v. Roberts & Schaefer Co.*, 37 Wn. App. 683, 688, 683 P.2d 600 (1984). "The trial court is the proper forum for the initial assertion of all the contentions of the parties so that the parties may, in light of the contentions advanced, make their record and so that the trial court may have an opportunity to rule upon the contentions advanced." *Stratton v. U.S. Bulk Carriers, Inc.*, 3 Wn. App. 790, 794, 478 P.2d 253 (1970).

CR 25(a)(1)

CR 25(a)(1) provides as follows:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided by rule 5 for service of notices, and. upon persons not parties in the manner provided by statute or by rule for the service of a summons. *If substitution is not made within the time authorized by law, the action may be dismissed as to the deceased party.*

(Italics ours.)

Appellant argues that the absence of a time requirement for substitution under CR 25 places it in conflict with RCW 4.20.050 and renders the 1–year requirement of the statute ineffective. Respondents reply that the rule and statute are not in conflict and may be harmonized.

Appellant's arguments turn on the question of whether the requirement for substitution within 1 year after death under RCW 4.20.050 is substantive or procedural. Prior Washington cases interpreting the same statute as RCW 4.20.050 (then cited under different systems) have held the

requirement to be substantive. In *Overlock v. Shinn,* 28 Wash. 205, 208, 68 P. 436 (1902), the Supreme Court stated:

> In the statute before us, while it states in the first clause, as the appellant says, that no action shall abate by the death of a party, it is plain that the second clause is a limitation upon the first. By this second clause the right of the representative to continue the action is limited to one year. . . . After that time this right or discretion, whichever it may be, ceases; and the court cannot, after the expiration of the year, permit a representative of a deceased plaintiff, over the objection of the defendant, to continue an action begun by a plaintiff who dies while the action is pending.

In *Gordon v. Hillman,* 109 Wash. 223, 232–33, 186 P. 651 (1919), the court noted that the statute provided parties with a right that did not exist at common law and that the Legislature had placed limits on that new right:

> At common law, all actions pending abated upon the death of a necessary party. If the cause of action was one that did not survive, death finally ended the action; but if a cause of action was one that did survive, a new action by or against the personal representative of the deceased party was necessary to prosecute the remedy. Touching the latter class of actions, our statute, Rem. Code, § 193, provides as follows: [quoting statute].
> Which, of course, means if there is no substitution within one year the action does abate.

Prior to the passage of RCW 4.20.046 in 1961, the appellant's cause of action for personal injuries could not have survived or continued. *Boyd v. Sibold,* 7 Wn.2d 279, 284–85, 109 P.2d 535 (1941). After the passage of RCW 4.20.046, *all* causes of action survive provided, however, that there can be no recovery by a personal representative of damages for "'pain and suffering, anxiety, emotional distress or humiliation personal to and suffered by deceased.'" *Warner v. McCaughan,* 77 Wn.2d 178, 182, 460 P.2d 272 (1969).

RCW 4.20.046 provides in relevant part:

> (1) All causes of action by a person or persons against another person or persons shall survive to the personal

representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased. . . .

 This statute changes the initial premises upon which the decisions in *Overlock* and *Gordon* depend. The first clause of RCW 4.20.050 provides that no action shall abate by the death of a party, if the cause of action survives or continues. As a result of RCW 4.20.046, all causes of action survive and continue. When these statutes are combined, the result is that no actions abate upon the death of a party. Thus, presently, the second clause of RCW 4.20.050 is only procedural, as it defines how the personal representative shall be substituted for the deceased.

The application of CR 25(a)(1) to a similar statute defining a time limit for substitution was considered in *Petrarca v. Halligan,* 83 Wn.2d 773, 522 P.2d 827 (1974). *Petrarca* allowed substitution under CR 25 even though the substitution did not occur within the 90 days required under former RCW 11.40.100. That statute required that if a defendant died while an action was pending against him, the plaintiff must move for substitution of the personal representative in place of the defendant within 90 days of the first publication of notice to creditors. The court rejected the application of the 90–day rule on the basis that it created a procedural trap for creditor plaintiffs:

> The claim was not rejected, however, until more than the 90 days allowed in RCW 11.40.100 to move to substitute the personal representative had elapsed. When the 90 days passed on April 3, 1973, respondents could have still believed their claim would be accepted by the estate and that moving to substitute the personal representative for the deceased would be a useless act.

*Petrarca,* 83 Wn.2d at 775–76.

The court continued and established the policy applicable to this case:

> Petitioner argues that the rule does not give the court the power to substitute the personal representative if the motion is not timely made. She urges the rule only gives the court the authority to decide, in its discretion, whether or not to dismiss the action as to the deceased party and that the statute still governs as to substitution of the personal representative. While again, such an interpretation is technically feasible, we believe the intent of the rule was to make discretionary all time limits applicable to the procedure for substitution of proper parties to avoid procedural traps.

*Petrarca,* at 776.

Since *Petrarca,* the Supreme Court has provided further indication that CR 25 makes the time limit in RCW 4.20-.050 discretionary. In 1976, the Supreme Court adopted the Rules of Appellate Procedure. RAP 3.2 establishes the rule for substitution of parties to an appeal upon the death of a party. RAP 18.22 establishes the superseding effect that the RAP provisions have on existing statutes and rules. RCW 4.20.050 is listed among those statutes that are superseded, in whole or in part, by the enactment of the RAP. While RAP 3.2 does not directly apply to this case, as the substitution is not for a party in a pending appeal, the inclusion of RCW 4.20.050 in the list of superseded statutes indicates that the Supreme Court considers it to be procedural and therefore subject to modification by court rules. If RCW 4.20.050 is procedural for the purposes of the Rules of Appellate Procedure, it must also be so for the purposes of the Superior Court Civil Rules.

Given the Supreme Court's expressed intention that CR 25 makes discretionary all time limits applicable to substitution of parties, we hold that the trial court erred in dismissing appellant's complaint under RCW 4.20.050 without having exercised its discretion. We reverse and remand for the trial court to exercise its discretion on the motion to

substitute the personal representative for the deceased plaintiff.

COLEMAN, A.C.J., and WINSOR, J., concur.