ELLINGTON and APPELWICK, JJ., concur.

Review granted at 140 Wn.2d 1017 (2000).

[No. 42748-2-I.   Division One.   October 18, 1999.]
MIKKELBORG, BROZ, WELLS & FRYER, *Respondent*, v.
TERESA HELEN BEAN, *as Personal Representative,*
*Appellant.*

*Gary John Krohn* of *Treece, Richdale, Malone, Corning & Abbott, P.S.,* for appellant.

*Jeffrey Latham Jernegan* of *Mikkelborg, Broz, Wells & Fryer,* for respondent.

APPELWICK, J. — The Estate of Rolf Hansen (the Estate) appeals an order denying its motion to vacate a default order, and a default judgment entered against it. The Estate argues that the default judgment is void because the personal representative was never personally served with a copy of the summons and complaint; that the court abused its discretion in refusing to vacate the default order on the basis of Hansen's excusable neglect in failing to answer the lawsuit, and respondent Mikkelborg's tardy reply to the motion to vacate; and that the probate statute gives the Estate the right to be heard on the creditor's claim regardless of the default judgment. These arguments lack merit; we therefore affirm.

## FACTS

On August 23, 1995, Rolf Hansen was injured in an industrial accident in Florida. Hansen sustained serious head injuries, was taken to a hospital in Florida, and lapsed into a coma or semi-comatose state. In October 1995, Hansen emerged from the coma and moved to Washington state.

In late September 1995, Hansen's cousin hired Jeffrey Jernegan to perform a variety of legal services for Hansen, including pursuing a personal injury claim. Six months later, Hansen terminated his relationship with Jernegan and retained Anthony Urie to pursue the personal injury claim.

After unsuccessfully attempting to reach agreement with Urie and Hansen regarding compensation for the work he had performed for Hansen, Jernegan served a summons and complaint for monies due on Hansen on July 29, 1996. Jernegan filed the complaint in King County Superior Court on December 2, 1996. Mikkelborg, Broz, Wells & Fryer (Mikkelborg), Jernegan's law firm, was the named

plaintiff in the case. Mikkelborg claimed that Hansen owed over $26,800 in attorney fees, costs, and interest.

Hansen received notice that the suit had been filed, but did not file an answer to the complaint. Mikkelborg prepared a motion for default and served it on Hansen on December 20, 1996. Hansen did not respond. On January 2, 1997, Mikkelborg obtained an order of default against Hansen. No judgment was entered at that time.

On January 26, 1997, Hansen died. Teresa Bean was appointed personal representative of his estate four days later. On April 9, 1997, Mikkelborg moved to substitute the personal representative as defendant in place of Hansen. Bean was personally served with a copy of the motion that same day. Bean did not file an opposition to the motion. On May 5, the trial court ordered that Teresa Bean be substituted as defendant in the case.

On January 2, 1998, Bean filed a motion to vacate the default order or, in the alternative, for an order that the default did not impair the Estate's right to participate in determination of damages sought by Mikkelborg. The trial court denied the motion.

Teresa Bean did not appear at the time set for trial to determine the reasonableness of the fees. Mikkelborg therefore obtained a default judgment in the amount prayed for in its complaint, plus interest. The Estate now appeals the default judgment.

## ANALYSIS

■ The Estate raises essentially three issues on appeal. First, the Estate argues that the default judgment is void because the personal representative was never served with a copy of the summons and complaint. Second, the Estate contends that the trial court abused its discretion in denying the motion to vacate, due to Hansen's excusable neglect in failing to answer the lawsuit, and Mikkelborg's tardiness in responding to the default motion. Third, the Estate argues that it is entitled to be heard on Mikkelborg's claim regardless of the default, because a personal

representative has a right to dispute the amount of any creditor's claim against an estate.

Service of Process

The Estate argues that it is not bound by the default judgment because the personal representative was never personally served with a copy of the summons and complaint. We hold that, under Washington's civil rules, Mikkelborg was not required to serve the summons and complaint on the personal representative.

" 'Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void.' " *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 324, 877 P.2d 724 (1994) (quoting *In re Marriage of Markowski*, 50 Wn. App. 633, 635, 749 P.2d 754 (1988)).

The Estate relies on RCW 4.08.140 in arguing that service of process on the personal representative here was insufficient. That statute provides that when a new party is introduced into an action as a representative or successor of a former party, the plaintiff must serve the same summons in the same manner on the successor as the plaintiff was required to serve on the original defendant. RCW 4.08.140.

In contrast to RCW 4.08.140, Washington's civil rules do not require a plaintiff to serve a personal representative with the same summons as the original defendant. CR 25(a) provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided by rule 5 for service of notices.

CR 25(a) requires only that the personal representative be served with a copy of the motion for substitution, not with a copy of the summons and complaint.

Civil court rules that conflict with preexisting procedures established by statute supercede the earlier statutes. RCW 2.04.200. The goal of the revision of the rules of civil procedure in 1967, was to eliminate procedural traps then existing in Washington practice. *Petrarca v. Halligan*, 83 Wn.2d 773, 775, 522 P.2d 827 (1974). The statute on which the Estate relies, RCW 4.08.140, is a procedural statute first enacted in 1854, and last revised in 1957, ten years before the civil rules were adopted.

No Washington case specifically addresses the relationship between the two laws, but in those cases that cite CR 25(a), courts have not required plaintiffs to serve an extra summons and complaint on a personal representative of a deceased defendant's estate. *See, e.g.*, *National Bank v. Equity Investors*, 81 Wn.2d 886, 921, 506 P.2d 20 (1973) (holding that, under CR 25(a)(1), court had acquired personal jurisdiction over personal representative upon entry of order of substitution, where personal representative was served with copy of motion for substitution and notice of hearing); *Ransom v. Brennan*, 437 F.2d 513, 518-19, 13 A.L.R. FED. 818 (5th Cir. 1971) (concluding that, under FED. R. CIV. P. 25(a)(1) [the federal counterpart to Washington's CR 25(a)(1)], in personam jurisdiction acquired over original party extends to substituted party, provided that substituted party is served with notice of substitution).

Here, the personal representative was personally served with the motion to substitute her as defendant, on April 9, 1997. Furthermore, the personal representative had independent notice of Mikkelborg's pending action; she admits she sought legal representation for Hansen before the default was entered. Thus, service of process on the personal representative was sufficient, the personal representative had adequate notice of the action, and the default was properly entered.

We affirm the judgment.

A majority of the panel has determined that the remainder of this opinion lacks precedential value and will not be

578

printed in the Washington Appellate Reports. The remainder of this opinion will be filed for public record in accord with RCW 2.06.040, it is so ordered.

BAKER and COX, JJ., concur.