IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF
THE STANWICH MORTGAGE LOAN
TRUST A,

                  Appellant,

        v.

HIGHLANDS EAST EIGHT GROUP,
LLC;

                  Respondent,

DOES 1-10,

                  Defendants.

No. 79949-5-I

DIVISION ONE

UNPUBLISHED OPINION

CHUN, J. — Wilmington Savings Fund Society, FSB (Wilmington) seeks to foreclose on its deed of trust on a condominium unit in Enumclaw, Washington (Unit). The trial court determined that the priority of action rule and res judicata bar Wilmington's suit. For the reasons discussed herein, we reverse.

## I. BACKGROUND

In 2012, in a separate matter (original lawsuit), the Pointe East Condominium Homeowners Association (HOA) sought to judicially foreclose on its lien on the Unit. The HOA named the Unit's owners and Mortgage Electronic Registration Systems, Inc. (MERS), the beneficiary of a deed of trust on the Unit, as defendants. The owners and MERS failed to appear, and the court entered a

Citations and pin cites are based on the Westlaw online version of the cited material.

default judgment and foreclosure decree against them. The Condo Group, LLC, submitted the highest bid at a Sheriff's auction of the Unit in 2013, and the Sheriff conveyed the Unit to Highlands East Eight Group, LLC (Highlands) in 2014.[1]

In 2018, MERS moved to vacate the default judgment. By this time, Wilmington had become the beneficiary of the deed of trust on the Unit; MERS had assigned its interest in the deed of trust to U.S. Bank, who assigned it to the United States Secretary of Housing and Urban Development (HUD), who, in turn, assigned it to Wilmington. The court granted the motion to vacate.

MERS then moved to substitute Wilmington for itself. Highlands opposed the motion on the ground that, once substituted, Wilmington would attempt to foreclose on their deed of trust. According to Highlands, if Wilmington did so, it would upset the stability of the property in violation of public policy and cause Highlands prejudice, since they had incurred substantial costs on the Unit after purchasing it more than four years prior to the motion. The court entered an order denying the motion to substitute (Order Denying Substitution) but noted therein that "[t]he motion to add the denoted current Deed of Trust beneficiary is not before this court at this time." Wilmington did not thereafter seek to join the original lawsuit.

Instead, Wilmington then filed the current lawsuit, seeking to foreclose on its deed of trust on the Unit. Highlands moved for summary judgment on the

---

[1] It appears that The Condo Group purchased the Unit on behalf of Highlands, or that Highlands is The Condo Group's successor in interest. The Condo Group is not a party to this action.

grounds of res judicata and the priority of action rule. The trial court granted Highlands's motion. Wilmington moved for reconsideration, and the trial court denied its motion. Wilmington appeals.[2]

## II. ANALYSIS

We review de novo summary judgment rulings. Strauss v. Premera Blue Cross, 194 Wn.2d 296, 300, 449 P.3d 640 (2019). We also review de novo questions of law, such as a trial court's application of res judicata or the priority of action rule. Atlantic Cas. Ins. Co. v. Oregon Mut. Ins. Co., 137 Wn. App. 296, 302, 153 P.3d 211 (2007).

### A. Res Judicata

Wilmington argues the trial court erred in concluding that res judicata bars their foreclosure action, because none of the doctrine's required elements are met. Highlands disagrees. We conclude that the Order Denying Substitution did not constitute a final judgment, so res judicata does not bar Wilmington's claim.

"[R]es judicata bars the relitigation of claims that were litigated, might have been litigated, or should have been litigated in a prior action." Weaver v. City of Everett, 4 Wn. App. 2d 303, 320, 421 P.3d 1013 (2018) (emphasis omitted). "The party asserting the defense of res judicata bears the burden of proof." Ensley v. Pitcher, 152 Wn. App. 891, 902, 222 P.3d 99 (2009). Res judicata

---

[2] Wilmington included the trial court's Order Denying Motion for Reconsideration in its Notice of Appeal. However, they make no reference to this order in their briefing and assign no error to it and otherwise do not brief the issue. Accordingly, we consider only the trial court's Order Granting Motion for Summary Judgment. See RAP 10.3(a)(6), (g).

cannot apply without a valid and final judgment on the merits in a prior suit. Ensley, 152 Wn. App. at 899.

Highlands argues that, since Wilmington apparently intended to foreclose on its deed of trust once substituted, the Order Denying Substitution constituted a final judgment that, under principles of res judicata, bars Wilmington's current foreclosure claim. Highlands primarily analogizes to Ensley in support of their argument. In Ensley, the plaintiff sued a tavern for negligence after a patron drunkenly injured them. 152 Wn. App. at 895. The trial court partially granted the tavern's motion for summary judgment but did not enter a final judgment. Ensley, 152 Wn. App. at 896–97. The plaintiff then moved to add an individual claim against the bartender who allegedly overserved the patron; the trial court denied the motion. Ensley, 152 Wn. App. at 897. The plaintiff then filed a new lawsuit for negligence against the bartender. Ensley, 152 Wn. App. at 897. In the new lawsuit, the plaintiff filed a motion to amend their claim to add the tavern as a defendant, and to add a claim of vicarious liability against them. Ensley, 152 Wn. App. at 898. The court held that, while the record lacked an entry of final judgment, the partial summary judgment constituted a final judgment for the purposes of res judicata. Ensley, 152 Wn. App. at 901–02.

Unlike in Ensley, where the trial court granted partial summary judgment against the plaintiff's claims, the record here does not demonstrate that the original court made any ruling as to MERS's or Wilmington's ability to foreclose

4

on the deed of trust. Thus, the Order Denying Substitution did not constitute a final judgment.[3] Accordingly, res judicata does not bar Wilmington's claims.

B. Priority of Action Rule

Wilmington argues the trial court erred in concluding that the priority of action rule bars their foreclosure action, because they are not currently attempting to foreclose on their deed of trust in the original lawsuit. Again, Highlands disagrees. We conclude the priority of action rule does not bar the current lawsuit.

Under the priority of action rule, "the first court to obtain jurisdiction over a case possesses exclusive jurisdiction to the exclusion of other coordinate courts," lasting "until the matter is finally and completely disposed of." Atlantic Cas. Ins., 137 Wn. App. at 302. The rule applies where there is identity of subject matter, parties, and relief between the two actions. Atlantic Cas. Ins., 137 Wn. App. at 302. "The identity must be such that a decision of the controversy by one tribunal would, as res judicata, bar further proceedings in the other tribunal." City

---

[3] Highlands offers a second argument in support of its claim that the Order Denying Substitution constituted a final judgment. It contends that, according to Ensley, res judicata's finality requirement is "quite similar" to that of appellate review. 152 Wn. App. at 900. Accordingly, it argues that, since an order denying a motion to substitute "may be appealed as with other final orders," it also constitutes a final judgment for purposes of res judicata. In support of their argument that such an order is final and may be appealed, Highlands cites Barker v. Mora, 52 Wn. App. 825, 826, 764 P.2d 1014 (1988). But there, the trial court dismissed a claim on the ground that the plaintiff's personal representative had not substituted in for the plaintiff within a year after the latter had died. Barker, 52 Wn. App. at 826–827. In doing so, the trial court also dismissed as untimely a pending motion to substitute that the plaintiff's counsel filed more than a year after the plaintiff's death. Barker, 52 Wn. App. at 827. Thus, the trial court denied a motion to substitute, but unlike here, also dismissed the plaintiff's substantive claims. Barker therefore does not demonstrate that such orders denying substitution are final.

of Yakima v. Int'l Ass'n of Fire Fighters, 117 Wn.2d 655, 675, 818 P.2d 1076 (1991).

MERS's motion to substitute did not substantively argue that Wilmington has a right to foreclose on its deed of trust. The original court denied MERS's motion to substitute without making any substantive ruling as to Wilmington's ability to foreclose on its deed of trust. The record does not demonstrate that the original court is currently adjudicating Wilmington's ability to foreclose on its deed of trust. While the original court stated that it was not deciding a motion to *add* Wilmington as a party, no law cited by Highlands establishes that Wilmington must seek to join the original lawsuit. Neither is it clear, based on the record before us, whether Wilmington could successfully join the original lawsuit at this point. Because the original court has not ruled on Wilmington's substantive claims, and does not appear to be doing so currently, a decision of the controversy by the original court would not, as res judicata, bar proceedings in the current lawsuit. Thus, the priority of action rule does not bar Wilmington's suit.

We reverse.

_____
Chun, J.

WE CONCUR:

_____  _____
Mann, C.J.           Leach, J.