[No. 38120.   Department Two.   November 18, 1965.]

THE STATE OF WASHINGTON, *Appellant*, v. WALLIE G. GORANSON *et al.*, *Respondents.**

*Charles O. Carroll* and *Bruce W. Rudeen*, for appellant.
*Daniel G. Goodwin*, for respondents.

LANGENBACH, J.†—Defendants were brought to trial on the charge of first degree forgery. At the conclusion of the state's case, the prosecution was dismissed for failure of proving the corpus delicti. The state appealed.

In the early part of November, 1964, the Northwest Filter Company was burglarized; a check protector and 15 checks were stolen. This information was given to the Seattle Police Department, which alerted several stores, including

*Reported in 408 P.2d 7.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Frederick & Nelson's. The checks reported as stolen included No. 4158.

On November 12, 1964, defendant Goranson took check No. 4158 to the cashier's cage at Frederick & Nelson's. On the face of the check, the payee was "Wallie G. Goranson" (typewritten), the amount was $112.52, and it was signed "J. W. Scott." This check bore the name of the Northwest Filter Company on its face and had been perforated with the company name by a check protector. The cashier recognized the check as being among those reported stolen. She asked Goranson for identification and to endorse the check. She then verified that the check number was among those reported stolen and notified the manager of the credit division. Goranson was asked to accompany the store detective and the manager to an office, and the police were called.

The next day Goranson voluntarily made a written statement which said that the other defendant, Huson, approached him with a foolproof technique of cashing checks; that the two went to the Y.M.C.A. where Huson typed Goranson's name on a few checks; that Huson signed the check in question as "J. W. Scott;" that Huson awaited nearby while he went to Frederick & Nelson's to cash the check; and that he was taken into custody after presenting the check to a cashier for the purpose of cashing the same.

The following day Huson was arrested at his hotel room. Searching the room, the arresting officers found a check stub. At the police station, Huson made a voluntary oral statement. He stated that he had written the name of "J. W. Scott" on the check; that Goranson had approached him with a method of cashing checks; that Goranson had typed his own name as payee; and that when Goranson did not return from Frederick & Nelson's, he tore the remaining checks into pieces and flushed them down a toilet.

As a witness, the state called F. W. Scott, an engineer for Northwest Filter Company, who testified that a burglary had occurred; that a report had been made to the police; that only four men worked for Northwest Filter, including himself, his uncle, George Scott, and two other named men who were authorized to sign checks; that he did not

sign the check; that no person named "J. W. Scott" worked at Northwest Filter; and that checks had been stolen but he could not identify No. 4158 as being one of them.

The state handwriting expert could not determine whether or not defendant Huson signed the check, but he did determine that defendant Goranson did not sign the check.

The state contends that it introduced sufficient independent evidence of the crime of forgery being committed to warrant the consideration of defendants' statements in sending the case to the jury.

Forgery is defined in *State v. Lutes*, 38 Wn.2d 475, 479, 230 P.2d 786 (1951), as ". . . the false making of an instrument, which purports on the face of it to be good and valid for the purposes for which it was created, with a design to defraud any person or persons. . . ."

RCW 9.44.010 includes in the definition of forgery the false signing of a party, real or fictitious.

Defendant Huson was charged under RCW 9.44.020 which provides, *inter alia*, that every person who, with intent to defraud, shall forge any check, shall be guilty of forgery in the first degree.

Defendant Goranson was charged under RCW 9.44.060, which provides:

Every person who, knowing the same to be forged or altered, and with intent to defraud, shall utter, offer, dispose of or put off as true, or have in his possession with intent so to utter, offer, dispose of or put off any forged writing, instrument or other thing, the false making, forging or altering of which is punishable as forgery, shall be guilty of forgery in the same degree as if he had forged the same.

From the above statutes, the corpus delicti to be established by the state is the crime of forgery. The principle of corpus delicti is stated in *State v. Meyer*, 37 Wn.2d 759, 763, 226 P.2d 204 (1951), as follows:

In order to establish the *corpus delicti* of any crime, there must be shown to have existed, a cetrain act or result forming the basis of the criminal charge and the existence of a criminal agency as the cause of such act or result.

The identity of the person who has committed the crime is not material when the *corpus delicti* is being proven.

The confession of a person charged with the commission of a crime is not sufficient to establish the *corpus delicti*, but if there is independent proof thereof, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession.

The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it *prima facie* establishes the *corpus delicti*.

The basic issue, then, is whether the state introduced sufficient independent evidence of a crime being committed to warrant the consideration of the defendants' statements in determining their guilt.

█ A motion challenging the sufficiency of the evidence of the opposing party admits the truth of such evidence and all reasonable inferences that can be drawn therefrom and the evidence will be interpreted against the movant and in a favored light for the opposing party. *State v. Lutes, supra; State v. Meyer, supra; State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705, (1948); *Kellerher v. Porter*, 29 Wn.2d 650, 189 P.2d 223 (1948).

The independent evidence shows that 15 checks and a check protector had been stolen from the Northwest Filter Company; that defendant Goranson attempted to dispose or utter a Northwest Filter employment check, No. 4158; that the cashier at Frederick & Nelson's recognized this check as one listed as stolen; that the check was perforated with the name of Northwest Filter Company; that the purported signer "J. W. Scott" was not employed at Northwest Filter and that no one by that name was authorized to sign company checks; and that defendant Huson possessed a stub of a Northwest Filter check.

Defendants argue that there was not sufficient independent evidence to warrant considering the confessions, in that the witness F. W. Scott did not know the numbers

of the checks which were stolen; the handwriting expert could not identify either defendant as writing "J. W. Scott" as the maker of the check; witness F. W. Scott was not asked any questions on whether defendant Goranson had ever been employed by Northwest Filter and/or whether defendant Goranson was owed any money by Northwest Filter; and J. W. Scott was never called as a witness and plaintiff never established that J. W. Scott did not owe defendant Goranson any money.

The independent evidence, however, must only establish prima facie (not beyond a reasonable doubt) that a crime had been committed; it need not establish that the defendants committed the crime as the defendants appear to be arguing. In this case, the independent evidence and reasonable inferences therefrom established prima facie a crime of forgery had been committed.

The judgment of the trial court dismissing the information at the close of the state's case was erroneous. It is hereby reversed and the case is remanded for a new trial.

ROSELLINI, C. J., FINLEY, HAMILTON, and HALE, JJ., concur.