[No. 45299.   En Banc.   September 14, 1978.]

WARREN I. BARDE, *Appellant*, v. THE STATE OF
WASHINGTON, *Respondent*.

*Lawrence M. Ross,* for appellant.

*Slade Gorton, Attorney General,* and *James R. Tuttle* and *Carol A. Smith, Assistants,* for respondent.

DOLLIVER, J.—Plaintiff appeals from a summary judgment granted defendant March 8, 1977. The trial court held legislative enactment of RCW 9.08.060 and 19.60.064 under one bill did not violate Const. art. 2, § 19. That constitutional provision states:

> No bill shall embrace more than one subject, and that shall be expressed in the title.

The challenged legislation was enacted as Laws of 1972, 1st Ex. Sess., ch. 114, p. 256. It provided as follows:

AN ACT relating to the taking or withholding of property; creating two new sections; and prescribing penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

NEW SECTION. Section 1. Any person who, with intent to deprive or defraud the owner thereof:

(1) Takes, leads away, confines, secrets or converts any dog; or

(2) Conceals the identity of any dog or its owner by obscuring or removing from the dog any collar, tag, license, tattoo or other identifying device or mark; or

(3) Wilfully kills or injures any dog, unless excused by law, shall be guilty of a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than one year or by a fine of not more than one thousand dollars, or both such fine and imprisonment.

NEW SECTION. Sec. 2. There is added to chapter 19.60 RCW a new section to read as follows:

Whenever the owner of stolen goods locates said stolen goods in the possession of a pawnbroker or second-hand dealer, and is forced to bring an action for replevin to recover possession thereof, the owner shall be entitled to reasonable attorney fees and costs in connection with said replevin action.

Sections 1 and 2 were later codified as RCW 9.08.060 and 19.60.064, respectively.

■ The test employed to determine whether or not the legislation meets the constitutional mandate was stated in *Kueckelhan v. Federal Old Line Ins. Co.,* 69 Wn.2d 392, 403, 418 P.2d 443 (1966):

All that is required is that there be some "rational unity" between the general subject and the incidental subdivisions. If this nexus can be found, the act will survive the light of constitutional inspection.

■ Plaintiff asserts there is no rational unity between criminal sanctions for "dognapping" and recovery of attorney fees in a civil replevin action. We agree.

Section 1 provides it shall be a gross misdemeanor to take, conceal, injure or kill any dog. Imprisonment or fine or both are established as the penalties for such conduct. On the other hand, section 2 expands the civil replevin

remedy to include reasonable attorney fees in the event the rightful owner of stolen goods, which are in the possession of a pawnbroker, is forced to bring an action to regain possession thereof. No criminal penalties or sanctions appear in that section.

The State argues "dognapping" and attorney fees in a replevin action may be rationally united as "[A]n act relating to the taking or withholding of property" thereby meeting the "one subject" requirement of Const. art. 2, § 19. They cannot.

Arguably there is a nexus between replevin and "dognapping" inasmuch as both relate to personal property. However, section 2 does not create a new action or modify the substance of replevin. It merely provides for recovery of attorney fees. There is no "rational unity" between attorney fees in a civil action and willfully killing a dog under section 1.

The legislation in question does not meet the mandate of the constitution.

The trial court is reversed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.