[No. 50216–1. En Banc. November 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN T. RYAN, *Appellant.*

*John G. Burchard, Jr.,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

*James E. Lobsenz* of *Washington Appellate Defender Association,* amicus curiae for appellant.

WILLIAMS, C.J.—Hearsay statements of child victims of sexual abuse are conditionally admissible in criminal trials under RCW 9A.44.120. Defendant (appellant) John Ryan was convicted in Okanogan County of two counts of indecent liberties in a trial where hearsay statements of the two alleged victims were admitted under this statutory exception to the hearsay rule. Division Three of the Court of Appeals certified to this court the question whether RCW 9A.44.120 violates the confrontation clauses of the state and federal constitutions. The admission of the statements did not comply with the statute's requirements, and resulted in a denial of defendant's right of confrontation under the sixth amendment to the United States Constitution and Const. art. 1, § 22 (amend. 10). We, therefore, reverse the convictions.

Count 1 charged that the defendant committed indecent liberties upon 4½–year–old boy "M" on or about June 25, 1982, and count 2 charged the same conduct with a 5–year–old boy "J", on or about June 1, 1982. At trial, in September 1982, neither child testified. Both parties stipulated that the boys were incompetent. The basis for the defendant's stipulation is not apparent, but the State argued that the boys were "statutorily incompetent". Report of Proceedings, vol. II, at 17–18. The State further argued that the children's incompetency rendered them unavailable.[1]

Out–of–court statements made by the two children were offered through the testimony of M's mother and aunt, and J's mother. This hearsay testimony, the State argued, was permitted by RCW 9A.44.120, which provides in relevant

---

[1]Defendant disputed the issue of unavailability in his trial, but concedes it in his appeal. As amicus correctly points out, and as this opinion confirms, this concession is erroneous.

part:

> A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of the state of Washington if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) The child either:
>
> (a) Testifies at the proceedings; or
>
> (b) Is unavailable as a witness: *Provided,* That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

The trial court accepted the State's argument that the children were statutorily incompetent, and also unavailable. In satisfaction of the corroboration requirement, the trial court found that the defendant's knowing and voluntary confession established corroboration. The record reveals that the defendant admitted the charged conduct regarding M to M's mother, and later to a police officer. The record does not disclose an admission of the charged misconduct in regard to J.

The following circumstances surrounded the making of the children's statements: On June 25, 1982, M's aunt, while babysitting, questioned M about the source of some candy he brought to her house. M initially indicated that a person across the street had given it to him, but later said that "John would give it to him" if he permitted certain sexual contact. Report of Proceedings, vol. II, at 10. M's aunt reported these statements to M's mother who again questioned M. M told his mother the same story. M's mother also testified that she had forbidden M to accept candy.

M's mother reported what she had been told to J's mother. On June 27, 1982, J's mother questioned her son, and he told his mother substantially the same thing M had

told his mother. J's mother testified that on June 24, she had questioned J about candy in his possession, and he responded that it had been given to him for his birthday. Neither mother was able to state with certainty when the charged acts had occurred, as neither child had a solid conception of time.

Defendant challenges his conviction on several theories: (1) He contends that RCW 9A.44.120 (Laws of 1982, ch. 129, § 2, p. 559, effective June 10, 1982) denies him the right of confrontation under the sixth amendment to the United States Constitution, and the right to face–to–face confrontation guaranteed under Const. art. 1, § 22 (amend. 10). (2) He argues that his confession is inadmissible without the State's first establishing the corpus delicti. (3) He challenges the legislative authority to enact evidentiary rules as violative of separation of powers doctrine. (4) Defendant contends that the passage of the act violated Const. art. 2, § 19 notice provisions. Finally, (5) he argues that the effective date of the act, June 10, 1982, being subsequent to June 1, 1982, the date of the alleged count 2 incident, renders the act ex post facto as to that count.

## I
### CONFRONTATION

The Sixth Amendment's confrontation clause provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Const. art. 1, § 22 (amend. 10) provides: "In criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . ." Neither clause has been read literally, for to do so would result in eliminating all exceptions to the hearsay rule. *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980). The confrontation clause is more than a codification of common law hearsay rules, and may be violated even though hearsay statements are admitted under recognized exceptions. *California v. Green,* 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970). The right to confrontation excludes some

hearsay, and "countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.'" *Roberts,* at 65, quoting *Snyder v. Massachusetts,* 291 U.S. 97, 107, 78 L. Ed. 674, 54 S. Ct. 330, 90 A.L.R. 575 (1934).

■ The general approach employed by the Supreme Court to test hearsay admissions against confrontation rights requires: (1) Either the production of the out-of-court declarant or a demonstration of unavailability, and (2) assurances of reliability of the statement. *Roberts,* at 66. "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." (Footnote omitted.) *Roberts,* at 66.

RCW 9A.44.120 is not within the category of firmly rooted hearsay exceptions, and by its terms is to be used when the child's out-of-court declaration is "not otherwise admissible by statute or court rule".

The requirements for admission under RCW 9A.44.120 comport with the general approach utilized to test hearsay against confrontation guaranties. The statute requires a preliminary determination "that the time, content, and circumstances of the statement provide sufficient indicia of reliability . . .". It requires the child to testify at the proceedings, or to be unavailable, and does not alter the necessary showing of unavailability. Neither unavailability nor reliability were shown prior to admitting the hearsay testimony.

## A

### Unavailability

The Sixth Amendment requires a demonstration of unavailability when the declarant witness is not produced. *Roberts,* at 65. A witness may not be deemed unavailable unless the prosecution has made a good faith effort to obtain the witness' presence at trial. *Barber v. Page,* 390

U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968). When a confrontable witness is not produced unavailability must be certain. *State v. Smith*, 85 Wn.2d 840, 540 P.2d 424 (1975).

The State accounted for the children's absence by saying they were not subpoenaed. Report of Proceedings, vol. II, at 17. Apparently, they were not subpoenaed because the prosecutor believed they were "statutorily incompetent", and hence unavailable. Report of Proceedings, vol. II, at 18. The State's equation of unavailability and incompetency is faulty in several respects. First, incompetency and unavailability serve separate purposes, and mean different things. Second, as the discussion on reliability below indicates, a resolution that a witness is incompetent precludes most hearsay statements of that witness whether available or not. Third, the State has misconstrued the statutory definition of incompetency.

■ Unavailability means that the proponent is not presently able to obtain a confrontable witness' testimony. It is usually based on the physical absence of the witness, but may also arise when the witness has asserted a privilege, refuses to testify, or claims a lack of memory. *See* ER 804(a); 5A K. Tegland, Wash. Prac., *Evidence* § 393 (2d ed. 1982). Unavailability in the constitutional sense additionally requires the prosecutor to make a good faith effort to obtain the witness' presence at trial. *Roberts*, at 74.

Competency, on the other hand, means that the witness "has sufficient mental capacity to understand the nature and obligation of an oath and possessed of sufficient mind and memory to observe, recollect, and narrate the things he has seen or heard." *State v. Moorison*, 43 Wn.2d 23, 28–29, 259 P.2d 1105 (1953). The statutory categories of persons who are incompetent to testify illustrate its meaning:

(1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

RCW 5.60.050.

■ It is clear that children under 10 are not statutorily incompetent. Only those children who are incapable of perceiving or truthfully relating the facts of the case are incompetent.[2] Competency is a matter to be determined by the trial court within the framework of RCW 5.60.050. *State v. Froehlich,* 96 Wn.2d 301, 635 P.2d 127 (1981). Guidelines for the trial court in reaching its determination presume that the court has examined the child, observed his manner, intelligence, and memory. *Laudermilk v. Carpenter,* 78 Wn.2d 92, 457 P.2d 1004, 469 P.2d 547 (1969); *State v. Allen,* 70 Wn.2d 690, 424 P.2d 1021 (1967).

Stipulated incompetency based on an erroneous understanding of statutory incompetency is too uncertain a basis to find unavailability. To excuse production of a witness whose testimony is offered against a criminal defendant through hearsay repetition, a more certain showing is required. *Roberts* recognized that the good faith effort incumbent on the State to produce the witness does not require a futile act. "But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation." *Roberts,* at 74. The unexplained failure of the State to produce the children exemplifies the fears of one commentator that RCW 9A.44.120 may serve as a disincentive to call the child witness. Comment, *Confronting Child Victims of Sex Abuse: The Unconstitutionality of the Sexual Abuse Hearsay Exception,* 7 U. Puget Sound L. Rev. 387, 398 (1984). Because the State made no apparent effort to produce the children or to excuse their production, the first of the *Roberts* requirements, production or demonstrated unavailability, is not met.

---

[2]CrR 6.12(c) specifies no age at which children's competency is suspect, providing: "The following persons are incompetent to testify: . . . (2) children who do not have the capacity of receiving just impressions of the facts about which they are examined or who do not have the capacity of relating them truly." Thus the material measure of competency is not age.

## B
### RELIABILITY

■ One of the reasons for finding a child incompetent is inability to receive just impressions of the facts concerning the event. RCW 5.60.050(2). If the trial court had examined the children and found them incompetent on this basis, their testimony would be too unreliable for admission.

The declarant's competency is a precondition to admission of his hearsay statements as are other testimonial qualifications.

> The hearsay rule is merely an additional test or safeguard to be applied to testimonial evidence otherwise admissible. The admission of hearsay statements, by way of exception to the rule, therefore presupposes that the assertor possessed the *qualifications of a witness . . .* in regard to knowledge and the like.

(Footnote omitted.) 5 J. Wigmore, *Evidence* § 1424, at 255 (rev. 1974).

■ If the declarant was not competent at the time of making the statements, the statements may not be introduced through hearsay repetition. 5 J. Wigmore, at 304. The exceptions to this general rule are res gestae utterances or fresh complaints.[3] *State v. Lounsbery,* 74 Wn.2d 659, 661, 445 P.2d 1017 (1968); *State v. Murley,* 35 Wn.2d 233, 236–37, 212 P.2d 801 (1949); *State v. Beaudin,* 76 Wash. 306, 307, 136 P. 137 (1913). *See also* 4 J. Weinstein & M. Berger, *Evidence* ¶ 804(a)[01], at 804–40 (1981). Exceptions to the general rule are based on the historically established trustworthiness of the statement.

A review of the subject indicates that cases involving an indecent assault upon a child seem to receive rather special treatment. The courts quite frequently have admitted hearsay statements of a child tending to incriminate the defendant. Usually such statements are

---

[3]The term "res gestae" has fallen into disuse in favor of the more precise evidentiary rules of present sense impression, excited utterance, then existing mental, emotional, or physical condition, and statements for purposes of medical diagnosis or treatment. *See* ER 803(a)(1), (2), (3), (4); E. Cleary, *McCormick on Evidence* § 288 (2d ed. 1972).

justified on the basis of *res gestae*, or because they tend to show the condition of the child at the time of the statement. However, some cases leave the impression that the testimony was allowed purely because of abhorrence of the crime involved. The better–reasoned cases seem to require that, with the exception of *res gestae utterances*, all hearsay statements introduced under any exception to the rule should be made by someone competent as a witness at the time the statement was made.

(Footnotes omitted.) Stafford, *The Child as a Witness*, 37 Wash. L. Rev. 303, 307 (1962). The trial court did not determine whether the children were competent when they made the statements. If they were not, their statements must be excluded as being unreliable.

█ Adequate indicia of reliability must be found in reference to circumstances surrounding the making of the out–of–court statement, and not from subsequent corroboration of the criminal act. "The circumstantial guarantees of trustworthiness on which the various specific exceptions to the hearsay rule are based are those that existed at the time the statement was made and do not include those that may be added by using hindsight." *Huff v. White Motor Corp.*, 609 F.2d 286, 292 (7th Cir. 1979). The trial court stated that it found reliability in the time, content, and circumstances of the statement, but in so finding indicated only one factor—the defendant's confessions. The trial court was apparently persuaded that the statements of the children must be reliable, if, in hindsight, they prove to be true. RCW 9A.44.120 demands more.

The statute requires separate determinations of reliability *and* corroboration when the child is unavailable. The word "and" is conjunctive. *State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982). The Legislature would have used the word "or" had it intended the disjunctive. *Childers v. Childers*, 89 Wn.2d 592, 575 P.2d 201 (1978); *State v. Dixon*, 78 Wn.2d 796, 479 P.2d 931 (1971). Although defendant's confession was offered as corroboration, wholly absent are the requisite circumstantial guaranties of reliability.

The Supreme Court allowed that hearsay exceptions bear adequate indicia of reliability when "marked with such trustworthiness that 'there is no material departure from the reason of the general rule.'" *Ohio v. Roberts*, 448 U.S. 56, 65, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107, 78 L. Ed. 674, 54 S. Ct. 330, 90 A.L.R. 575 (1934)). The rationale underlying hearsay exceptions is well expressed by Wigmore:

> The purpose and reason of the hearsay rule is the key to the exceptions to it.
> The theory of the hearsay rule . . . is that the many possible sources of inaccuracy and untrustworthiness which may lie underneath the bare untested assertion of a witness can best be brought to light and exposed, if they exist, by the test of cross–examination. But this test or security may in a given instance be superfluous; it may be sufficiently clear, in that instance, that the statement offered is free enough from the risk of inaccuracy and untrustworthiness, so that the test of cross–examination would be a work of supererogation.

5 J. Wigmore, *Evidence* § 1420, at 251 (rev. 1974). Any statement offered as an exception to the hearsay rule must be made under circumstances comparable in their inherent trustworthiness to serve as a substitute for cross examination.

Where cross examination would be superfluous, the right of confrontation is not offended. Where cross examination would serve to expose untrustworthiness or inaccuracy, denial of confrontation "'"would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." . . .'" (Citation omitted.) *Davis v. Alaska*, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974) (citing *Smith v. Illinois*, 390 U.S. 129, 131, 19 L. Ed. 2d 956, 88 S. Ct. 748 (1968)).

Recently this court adopted a set of factors applicable to determining the reliability of out–of–court declarations. *State v. Parris*, 98 Wn.2d 140, 654 P.2d 77 (1982). Those factors are: "(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more

than one person heard the statements; (4) whether the statements were made spontaneously; and (5) the timing of the declaration and the relationship between the declarant and the witness." *Parris*, at 146. We added that these factors were not exclusive and should be considered with the additional factors in *Dutton v. Evans*, 400 U.S. 74, 88–89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970): (1) the statement contains no express assertion about past fact, (2) cross examination could not show the declarant's lack of knowledge, (3) the possibility of the declarant's faulty recollection is remote, and (4) the circumstances surrounding the statement (in that case spontaneous and against interest) are such that there is no reason to suppose the declarant misrepresented defendant's involvement.

Applying the *Parris* factors to the circumstances of the present case, the statements cannot be deemed sufficiently trustworthy to deprive the defendant of his right of confrontation. First, there was a motive to lie, and each child initially told a different version of the source of the candy they were not supposed to have. Second, all the record reveals about the character of the children is the parties' stipulation that the children were incompetent witnesses due to their tender years. Third, the initial statements of the children were made to one person, although subsequent repetitions were heard by others. Fourth, the statements were not made spontaneously, but in response to questioning. Fifth, as regards timing, both mothers had been told of the strong likelihood that the defendant had committed indecent liberties upon their children *before* the mothers questioned their children. They were arguably predisposed to confirm what they had been told. Their relationship to their children is understandably of a character which makes their objectivity questionable.

The reliability of the statements does not fare better under the *Dutton* factors. The statements were undeniably assertions of past facts. While the defendant admitted to misconduct with M, he denied any wrongdoing as to J. Cross examination was appropriate regarding this dispute.

There is no contention that the statements were either spontaneous or against interest.

The State argues that the factors used to test reliability in *United States v. Nick*, 604 F.2d 1199 (9th Cir. 1979) are more appropriate because that case involved the out–of–court statements of a young child victim of sexual abuse. *Nick*, however, is a very different case from the present one. There, the statements fell into two well recognized hearsay exceptions—excited utterances and statements made to a physician for purpose of diagnosis. Fed. R. Evid. 803(a)(2), (4). *See* ER 803(a)(2), (4). In addition, the child's statement in *Nick* was made in direct response to the mother's observation of the child's soiled clothing, upset condition, and apparent pain and distress shortly after the mother discovered him asleep in a locked room with the defendant, and with his pants unzipped. *Nick*, at 1204. In the present case, an indeterminate amount of time elapsed between the alleged act and the child's reporting of it, and there were apparently no observable indications of assault, pain, or distress.

The most important distinction between *Nick* and the case before us is the hearsay statements offered in *Nick* fell into existing hearsay exceptions grounded in reliability in the circumstances of their making. RCW 9A.44.120 requires the trial court to examine the circumstances of the statement for indicia of reliability. The measure of reliability is that which is equivalent to other firmly rooted hearsay exceptions. The time, content, and circumstances of the statements offered against Ryan do not bear adequate indicia of reliability sufficient to make cross examination and face–to–face confrontation superfluous. The trial court erred in permitting the introduction of the children's statements through hearsay repetition.

## II
### CORPUS DELICTI

Defendant is correct in contending that a conviction cannot be sustained on a confession alone.

■ Some corroborative evidence establishing the corpus delicti is necessary to sustain a conviction based on a confession. *State v. Bean,* 89 Wn.2d 467, 474, 572 P.2d 1102 (1978). The independent evidence need only establish a prima facie case that a crime has been committed. *State v. Goranson,* 67 Wn.2d 456, 460, 408 P.2d 7 (1965). The corpus delicti need not be proven beyond a reasonable doubt, or even a preponderance of the evidence, but a confession alone does not establish it. *State v. Meyer,* 37 Wn.2d 759, 763, 226 P.2d 204 (1951). Without the hearsay statements of the children, the State has not established the corpus delicti, and we must reverse the conviction.

## III
### SEPARATION OF POWERS

Defendant argues that the enactment of RCW 9A.44.120, a hearsay exception, violates the separation of powers doctrine in that the statute is a legislative invasion of the judicial province. We disagree.

■ Where a rule of court is inconsistent with a procedural statute, the court's rulemaking power is supreme. *Petrarca v. Halligan,* 83 Wn.2d 773, 522 P.2d 827 (1974). Nonetheless, apparent conflicts between a court rule and a statutory provision should be harmonized, and both given effect if possible. *Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981).

Legislative enactment of hearsay exceptions is specifically contemplated by the Rules of Evidence. ER 802 states: "Hearsay is not admissible except as provided by these rules, by other court rules, or *by statute.*" (Italics ours.) Nevertheless, statutory enactments of evidentiary rules are subject to judicial review, this court being the final arbiter of evidentiary rules.

Defendant suggests that the statute is in conflict with court rules regarding competency. *See* CrR 6.12. The statute does not provide that an incompetent's statement is admissible, and as this opinion makes clear, such a state-

ment is inadmissible absent particularized guaranties of trustworthiness.

## IV
### SUFFICIENCY OF TITLE OF ACT

■ Defendant contends that the title of the act was insufficient to give notice of its contents as required by Const. art. 2, § 19, which provides: "No bill shall embrace more than one subject, and that shall be expressed in the title." The title of Laws of 1982, ch. 129, begins "Child Abuse—Admissibility of Child's Statement".

The test of the title's sufficiency is whether it provides sufficient notice to lead an interested person to inquire into the bill's contents. *State v. Lounsbery,* 74 Wn.2d 659, 664–65, 445 P.2d 1017 (1968). The title of the present act was clearly sufficient to put the public on inquiry, and evidences a "rational unity" between the general subject and its contents. *See Barde v. State,* 90 Wn.2d 470, 584 P.2d 390 (1978).

## V
### EX POST FACTO APPLICATION

Defendant argues that the application of RCW 9A.44.120 was ex post facto as to count 2. We need not decide whether the application of RCW 9A.44.120 would be ex post facto as the State attempted to prove the charged conduct occurred after the effective date of the act. In any event, an application of this statute would not be ex post facto, as it neither increases punishment, changes the nature of the crime charged, nor alters the necessary degree of proof required. *State v. Clevenger,* 69 Wn.2d 136, 142, 417 P.2d 626 (1966).

### CONCLUSION

We reverse and remand for further proceedings. RCW 9A.44.120 facially conforms to the requirements of the constitutional right to confrontation. Nonetheless, the State did not meet the statutory and constitutional burdens of showing unavailability, and reliability preliminary to intro-

duction of the hearsay statements. As a conviction cannot be sustained on an uncorroborated confession alone, defendant's conviction must be reversed. The enactment of RCW 9A.44.120 violates neither the separation of powers doctrine, constitutional notice requirements, nor ex post facto restrictions.

ROSELLINI, BRACHTENBACH, and PEARSON, JJ., and CUN-NINGHAM, J. Pro Tem., concur.

DOLLIVER, J. (concurring)—I concur with the result reached by the majority. This concurrence is based solely on the fact the record does not disclose that in fact the prosecution made a "good faith effort" to obtain M's presence at the trial. *See Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968). While I agree the parties and the court apparently misunderstood RCW 5.60.050 (persons incompetent to testify), it is appropriate to point out that both parties, at trial, *stipulated* as to the incompetence and thus the unavailability of M at the trial. Furthermore, on appeal defendant *conceded* "the State has met the constitutional unavailability standard required under *Barber v. Page"* (Brief of Appellant, at 12), *i.e.,* the good faith standard. Given these stipulations and admissions by defendant, it is a long reach for the court to find M was not unavailable as a witness. Nonetheless, since the record is devoid of any underlying justification for the stipulation and concession by counsel on behalf of the defendant, I am constrained to join the majority in its reversal of defendant's conviction on both counts.

There are two other items which I believe need comment: (1) Although in this case the parties and the court misconstrued the statute on competency, RCW 5.60.050, it is my belief that if it is shown the meaning of the statute is understood and a finding of incompetency is made by the court, this then may be considered the legal equivalent of unavailability. *See, e.g., Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980). *See* Joint Hearings on SB 4461 before

the Washington State Senate Judiciary Comm. & Washington State House Ethics, Law & Justice Comm., 47th Leg., January 28, 1982. *See also* ER 804.

(2) I disagree with the majority's finding that the statements of M did not contain sufficient indicia of reliability. Since the matter is to be reversed, no purpose would be gained by detailing the sordid record in this case. I believe the statements of M, however, had a ring of verity and that the trial court properly exercised its discretion in so finding. *See United States v. Nick,* 604 F.2d 1199 (9th Cir. 1979); Comment, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases,* 83 Colum. L. Rev. 1745 (1983); Comment, *Sexual Abuse of Children— Washington's New Hearsay Exception,* 58 Wash. L. Rev. 813 (1983). *Compare* RCW 9A.44.120(1) *with* ER 803 and ER 804.

UTTER, DORE, and DIMMICK, JJ., concur with DOLLIVER, J.

[En Banc.     December 6, 1984.]

DIMMICK, J. (concurring)—I concur with the majority. Reversal is appropriate under the circumstances of this case, in which the trial court made a legal error as to the competence and availability of child witnesses. Justice Dolliver's concurring opinion touches on issues that concern me, but does not reach all of them. While I agree with the majority's interpretation of the statute to conform with the federal and state constitutions, I would reverse solely on the basis of misinterpretation of the law on competency. In addition, I write to emphasize the distinction between the present and past competence of a child witness.

The statute in conformity with the confrontation clause dictates that a witness testify at trial unless unavailable. RCW 9A.44.120. A witness is unavailable only when the prosecutor has made a good faith effort to secure his presence. *Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S.

Ct. 1318 (1968). *See also State v. Smith,* 85 Wn.2d 840, 851, 540 P.2d 424 (1975) (unavailability must be certain to excuse nonproduction of a witness).

The trial court and the parties erred in determining unavailability of the child witnesses on the basis of statutory incompetence. The judge had not examined the children and determined them to be incompetent. That is, he had not found them "incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly." RCW 5.60.050. Had he found them incompetent, however, the children would have been unavailable as witnesses.[4] This is not to say, however, that a determination of incompetency at the time of trial necessarily indicates that a child was incompetent at the time of making the hearsay statement.

I consider this to be the significance of the new statute RCW 9A.44.120. In effect, the trial judge faced with a child victim of sexual misconduct must make two separate determinations: First, is the child competent to take the stand as a witness? (If he is competent, then he must testify.) Second, was there sufficient indicia of reliability surrounding the child's out–of–court statement to admit it as evidence?

In this respect, I find the majority's opinion lacks clarity. It could be misconstrued as implying that present incompetence presumes incompetence or unreliability at the time the statement was made. But one does not necessarily follow from the other. Young children present special problems as witnesses because of their short memories and possible traumatic reaction as victims. The statute has been written to recognize the possible validity of a child's earlier statements (not unlike the hearsay exceptions allowed for excited utterances or present sense impressions).

Reliability may be indicated by the spontaneity of the out–of–court statement, a recitation of acts generally unknown to children, or other circumstances surrounding the statement. A finding of incompetence at time of trial

---

[4]On this issue, I agree with Justice Dolliver's interpretation of ER 804.

would not invalidate an out–of–court statement by a child which had the mark of reliability at the time it was made.

The accused is protected by the law's requirements that the hearsay statement be examined in a special hearing to determine its reliability. Additionally, the accused will have the opportunity to challenge the circumstances in which the statement was made, the possible motives of the recountal of the statement, and, finally, to confront any child witness determined to be competent to testify.

I would reverse on the basis of the faulty legal premise of incompetency leading to a faulty conclusion of unavailability. I form no conclusion as to the evidence of the children's reliability on retrial.