**STATE of Minnesota, Respondent,**

v.

**David G. LANAM, Appellant.**

**No. C8–89–95.**

Court of Appeals of Minnesota.

Sept. 5, 1989.

Review Granted Oct. 13, 1989.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, Harris Darling, Nobles County Atty., Worthington, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and FORSBERG, JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

This appeal is from judgments of conviction of two counts of first degree criminal sexual conduct, Minn.Stat. § 609.342, subd. 1(a), (e)(i) (1988). We affirm.

## FACTS

Appellant David Lanam was convicted of sexually abusing four-year-old S.E. Lanam, a friend of S.E.'s mother, D.E., admitted he babysat S.E., as well as her two brothers, in D.E.'s home during the fall of 1987. S.E., who was ruled incompetent, identified the perpetrator as "David." La-

nam, as well as D.E., suggested she was referring to a former boyfriend of D.E., David Richardson, who also babysat the children. The evidence that Lanam, rather than Richardson, committed the acts consisted of out-of-court statements made by S.E. to her foster mother.

S.E. was removed from her mother's home on December 18, 1987, following a finding of neglect. She told her foster mother on May 2, 1988, that "David" had vaginally penetrated her with his finger. The state introduced a medical report, which showed injuries indicating penetration had occurred.

The foster mother, Sharon Carlson, testified that on May 2 she overheard S.E. telling her own children someone had touched her private zone. Some days earlier the family had discussed a book titled *Private Zone*, but at that time S.E. denied ever being abused. On May 2, Carlson questioned S.E. after overhearing her report, and elicited the fact that "David" did it. S.E. related many more details, and stated that it happened while "David" was babysitting at her mother's house.

S.E. was interviewed the same day by Officer John Pellegrino and Tina Jorgensen, a social worker. Sharon Carlson was present and asked some questions. In the lengthy statement, S.E. described the same acts of abuse she had related to Carlson, and demonstrated them using anatomical dolls. That interview was taped and played for the jury. S.E., after stating she did not know "David"'s last name, was not asked in the interview to further identify him.

Lanam was the only "David" Sharon Carlson knew that S.E. would know. Lanam had once tried to pick up D.E.'s children from the Carlson home when they were there for day care. In a brief dispute, which was eventually resolved, Carlson had told Lanam she could lose her license if she released the children to an unauthorized person.

At some point, Carlson asked S.E. to further identify the man who had abused her, and S.E. told her "David" worked for Pizza Hut, lived near her house, and sometimes babysat her at her mother's house.

Lanam testified he worked at Domino's Pizza. (However, Carlson testified that S.E. referred to every pizza place as Pizza Hut.) Lanam admitted he babysat the children at S.E.'s house. He also admitted that he had lived at a house close to S.E.'s, and was using it as a mailing address when arrested.

The trial court held a competency hearing at which S.E. was questioned. The court found her incompetent, stating:

> But she is so suggestible, so susceptible to suggestion, that any kind of a leading question will elicit the sought after response. In my opinion. You could, you could lead her anywhere and she would not appreciate that, that her previous answer was totally contradictory to the answer that she's, she would give you.

The court stated in a later order:

> The child's inability to recount recent events (her summer vacation), and her apparent lack of understanding about common, everyday occurrences, led the Court to conclude that she was not competent to testify as a witness.

The trial court then scheduled a hearing on the admissibility of S.E.'s out-of-court statements. The trial court heard the testimony of Carlson, Pellegrino and Tina Jorgensen and ruled the statements admissible, rejecting Lanam's argument that the statute was unconstitutional.

At trial, the state presented the rebuttal testimony of David Richardson, who stated his relationship with D.E. ended in mid-September, and that he had not babysat her children after that time. He testified he moved out of town in early November, 1987. Richardson testified he babysat the children only at his house.

### ISSUES

1. Did the admission of out-of-court statements of identity by the child victim deny appellant's right to confrontation?

2. Was the evidence of identity sufficient to sustain the convictions?

ANALYSIS

I.

■ Lanam contends that a finding of certain types of incompetency under Minn. Stat. § 590.02, subd. 3 (1988), of incompetency, does not satisfy the constitutional requirement of "unavailability." *See Ohio v. Roberts*, 448 U.S. 56, 64, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). He argues that the admission of S.E.'s hearsay statements bearing on identity violated his right to confrontation. Minn.Stat. § 595.02, subd. 3(c) specifically provides an incompetent witness is "unavailable" for purposes of the statute. However, the hearsay statement of an incompetent witness may violate the confrontation clause even though admissible under a statute or evidentiary rule. *See California v. Green*, 399 U.S. 149, 155–56, 90 S.Ct. 1930, 1933–34, 26 L.Ed.2d 489 (1970) (confrontation clause may exclude some hearsay admissible under recognized exceptions to hearsay rule). In order to satisfy the confrontation clause, the declarant of an out-of-court statement must either testify or be "unavailable", and the statement must have sufficient indicia of reliability. *Ohio v. Roberts*, 448 U.S. at 65–66, 100 S.Ct. at 2538–2539.

■ As the state points out, some courts, stressing that the out-of-court statements are much closer in time to the incidents of abuse, have held that incompetency may constitutionally be equated with "unavailability." *See, e.g., State v. D.R.*, 109 N.J. 348, 359, 537 A.2d 667, 673 (1988) (child's spontaneous out-of-court account of abuse may be highly reliable). Lanam argues that if a child abuse victim is found incompetent, as S.E. was, that finding may call into question the reliability of her out-of-court statements. *Cf. State v. Ryan*, 103 Wash.2d 165, 172, 691 P.2d 197, 203 (1984) (stipulation of incompetency did not satisfy "unavailability" requirement). We agree but do not find that reasoning requires reversal on the facts of this case.

It is generally recognized a child witness, even if incompetent and even if shown to be untruthful, could not fabricate sexual details outside of her experience. *See, e.g.,*

*State v. Sorenson*, 143 Wis.2d 226, 249, 421 N.W.2d 77, 86 (1988) (young child unlikely to fabricate graphic account of sexual activity); *State v. Brown*, 341 N.W.2d 10, 14 (Iowa 1983) (noting "undoubted reliability" of children's emotional descriptions of sexual acts). However, a child could conceivably mislead adults as to the identity of the perpetrator, as S.E. could have been influenced by Carlson to focus on Lanam. *See State v. Brown*, 341 N.W.2d at 14–15 (child sexual abuse victim's identification of defendant's photo in photo display lacked indicia of reliability). Generally, prior identifications are inadmissible hearsay unless the declarant testifies at trial. Minn.R. Evid. 801(d)(1)(C). However, the U.S. Supreme Court has rejected the argument "that, because of the mere possibility of suggestive procedures, out-of-court statements of identification are inherently less reliable than other out-of-court statements." *U.S. v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 843, 98 L.Ed.2d 951 (1988).

■ The details which identified Lanam as the perpetrator were elicited by Carlson, or volunteered by S.E., during several conversations between them. S.E. was not asked to further identify "David" in the police interview after she stated she did not know his last name. It is troubling that all the details identifying Lanam were elicited by the foster mother, who immediately connected Lanam with the crime, and none by the trained police investigator. However, two of the out-of-court statements identifying Lanam did show sufficient circumstances indicating reliability.

First, the May 4 statement, after S.E. awoke from a nightmare in which she called the name "David" in her sleep, was thoroughly described. Carlson asked open-ended questions:

And I said Stephanie, I have to know who David is. What David are you talking about? And she said, she said, she says my David or our David. And I said to her, where does David live? David lives by my house. Where does David work? David works for Pizza Hut. So I said to her the David that I know works

for Domino's Pizza and I said to her could it have been Domino's Pizza, and she said yes.

The circumstances of this statement were more reliable than the "sleep talk" held admissible under the catch-all exception in *State v. Posten,* 302 N.W.2d 638, 641 (Minn.1981). Secondly, the accidental courthouse identification of Lanam on August 18, 1988, occurred under circumstances which indicated reliability. Each statement was either spontaneous or so closely related to the child's recall of the event as to indicate reliability. Neither was an independent adult-initiated identification procedure. *See State v. Brown,* 341 N.W.2d at 15 (child's response to photo display was in the nature of trial testimony, and was not sufficiently reliable where the child was found incompetent).

■ It could be argued that a child witness' statement of identity of the perpetrator, at least one made separate from the description of the abuse, is not admissible under Minn.Stat. § 595.02, subd. 3. The supreme court, however, rejected a similar limitation of the scope of the statute in *State v. Dana,* 422 N.W.2d 246, 250 (Minn. 1988) (statute could not be read to exclude child's statement witnessing abuse of another child). A simple statement of identification of the abuser does not seem to raise the problems with a jury's perception of a child sex abuse victim's testimony which prompted the statute. *See, e.g., State v. Myers,* 359 N.W.2d 604, 610 (Minn. 1984) (*e.g.* uncertainty of accusation, possible recantations, vague time periods and delay in reporting). However, the statute contemplates judicial scrutiny of the circumstances of all such out-of-court statements to ensure indicia of reliability. Lanam had an opportunity to cross-examine Sharon Carlson concerning S.E.'s statements at a separate pre-trial hearing which, under *Dana,* 422 N.W.2d at 249, the trial court was not required to grant him.

■ As we have noted, the confrontation clause may in some cases require more than a particular rule or statute. The trial court's finding of incompetency here came close to casting significant doubt on S.E.'s out-of-court statements of identification. If, as the court found, she was subject to being influenced by examination, she could also have been led in the largely unexplored conversations with Carlson. Nevertheless, the court's finding did not foreclose the admission of hearsay statements. *Cf. State v. Ryan,* 103 Wash.2d at 173, 691 P.2d at 203 (finding that child was incapable of receiving just impressions of the facts made hearsay statements too unreliable). The trial court here found S.E. unable to accurately relate events, particularly in a trial setting.

■ We conclude that the circumstances showing reliability outweigh doubts created by the finding of incompetency. Nevertheless, a court should not lose sight of the logical bearing that a finding of incompetency may have on reliability, however forcefully reminded that an incompetent witness' hearsay statements are necessary to the state's case.

## II.

■ Because we conclude the hearsay statements were admissible, Lanam's challenge to the sufficiency of the evidence is without merit. S.E. described "David"'s residence, employment, and the location of the abuse in such a way as to identify Lanam and exclude Richardson. This court must assume the jury believed the out-of-court statements tending to identify Lanam. *See State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981).

## DECISION

The trial court did not abuse its discretion in admitting out-of-court statements identifying appellant. Admission of the statements did not deny appellant the right of confrontation. The evidence was sufficient to sustain the convictions.

Affirmed.