DIAMANTIS, Judge,
concurring specially.
I concur in the result reached by the majority. However, I base my conclusion on the fact that the admission of the child’s testimony violated the Confrontation Clause. In a split 5-4 decision in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the Court held that the hearsay testimony of a 2y2-year-old child who was not “capable of communicating to *542 the jury” was inadmissible because the testimony was not admitted under a “firmly rooted” hearsay exception and for the reason that such testimony lacked the particularized guarantees of trustworthiness necessary to satisfy the requirements of the Confrontation Clause of the Fifth Amendment. In Wright the Court stated the following, which is equally applicable to this case:
We think the “particularized guarantees of trustworthiness” required for admission under the Confrontation Clause must likewise be drawn from the totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief. Our precedents have recognized that statements admitted under a “firmly rooted” hearsay exception are so trustworthy that adversarial testing would add little to their reliability. See [California v.] Green, 399 U.S., [149] at 161, 90 S.Ct., [1930] at 1936 [26 L.Ed.2d 489] (examining “whether subsequent cross-examination at the defendant’s trial will still afford the trier of fact a satisfactory basis for evaluating the truth of the pri- or statement”); see also Mattox [v. U.S.], 156 U.S., [237] at 244, 15 S.Ct., [337] at 340 [39 L.Ed. 409]; [Dutton v.] Evans, 400 U.S., [74] at 88-89, 91 S.Ct., [210] at 219-220 [27 L.Ed.2d 213] (plurality opinion); [Ohio v.] Roberts, 448 U.S., [56] at 65, 73, 100 S.Ct., [2531] at 2538, 2542 [65 L.Ed.2d 597]. Because evidence possessing “particularized guarantees of trustworthiness” must be at least as reliable as evidence admitted under a firmly rooted hearsay exception, see Roberts, supra, at 66, 100 S.Ct., at 2539, we think that evidence admitted under the former requirement must similarly be so trustworthy that adversarial testing would add little to its reliability. See Lee v. Illinois, 476 U.S., [530] at 544, 106 S.Ct., [2056] at 2063 [90 L.Ed.2d 514] (determining indicia of reliability from the circumstances surrounding the making of the statement); see also State v. Ryan, 103 Wash.2d 165, 174, 691 P.2d 197, 204 (1984) (“Adequate indicia of reliability '[under Roberts ] must be found in reference to circumstances surrounding the making of the out-of-court statement, and not from subsequent corroboration of the criminal act”). Thus, unless an affirmative reason, arising from the circumstances in which the statement was made, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of the out-of-court statement, (emphasis added).
Id., 497 U.S. at 821-22; 110 S.Ct. at 3149-3150.
Accordingly, I would reverse and remand for a new trial in order for the trial court to determine whether the child’s hearsay testimony meets the reliability requirement of Wright.