IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35261-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARCO A. ESPINOZA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Marco Espinoza appeals his convictions for three counts of first degree child molestation, arguing he received ineffective assistance of counsel. We affirm.

FACTS

In June 2014, an adult family member overheard sisters D.O. (7-years-old) and S.O. (8-years-old) and their female cousin L.M. (8-years-old) discussing inappropriate sexual touching by the children's uncle, Marco Espinoza.[1] The discussion took place in Enumclaw, Washington, on the day of a family graduation. After the graduation ceremony, the children's disclosures were shared with additional family members and the police. The Enumclaw authorities transferred the case to Yakima County, where the acts of molestation were alleged to have occurred.

_____

[1] A younger female relative was also part of the discussion, but the State did not bring charges related to her statements.

The State charged Mr. Espinoza with three counts of first degree child molestation. As part of the investigation, the three children were interviewed by a child forensic interview specialist.

Prior to trial, the State moved to admit the children's statements to various adults, including their parents, the forensic interview specialist, and the police officers, pursuant to the child hearsay exception. Mr. Espinoza's counsel did not submit a responsive memorandum because he agreed that the State's memorandum accurately set out the law on child hearsay.

A child hearsay hearing was held over the course of two days. The State called the forensic specialist, one of the investigating officers, and four adult family members. The State also presented testimony from D.O., S.O., and L.M.

During the hearing, the child witnesses made some inconsistent statements as to where various events had taken place and who had been present. They also had inconsistent recollections about who they had made disclosures to and what had been discussed during the disclosures.

At the conclusion of the hearing, counsel for the State conceded that there were some inconsistencies in the children's testimony. Nevertheless, the State noted the children did not have a motive to lie and nothing in the record showed they had any character or reputation for untruthfulness. The State also argued there was nothing

2

to show that the children had any precocious sexual knowledge. Mr. Espinoza's counsel requested the court exclude the children's various statements to family members and police officers that were made in a group setting, as such circumstances undermine reliability.

The trial court ultimately admitted the children's out-of-court statements as sufficiently reliable, pursuant to the factors set forth in *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984).

The three child witnesses testified at trial. Their testimony included some new information regarding inappropriate touching by Mr. Espinoza. Mr. Espinoza's attorney impeached the child witnesses with their inconsistent statements.

During the defense's case in chief, Mr. Espinoza's attorney presented impeachment testimony from the children's aunt. The aunt contradicted some of the child witnesses' statements regarding dates and family events. The defense did not call any additional witnesses.

The jury found Mr. Espinoza guilty of all three counts of first degree child molestation. Mr. Espinoza was sentenced to 98 months' incarceration for each count, to be served concurrently.

Mr. Espinoza timely appeals.

ANALYSIS

Mr. Espinoza contends his trial counsel was ineffective for failing to: (1) challenge the competency of the child witnesses, (2) present a meaningful defense, and (3) argue against admission of child hearsay statements. We reject each of these claims as lacking factual support.[2]

To demonstrate ineffective assistance of counsel, Mr. Espinoza must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If a defendant fails to satisfy either prong, this court need not inquire further. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). Defense counsel does not perform deficiently simply by declining to pursue arguments or theories that lack legal or factual support. *See State v. Johnston*, 143 Wn. App. 1, 18, 177 P.3d 1127 (2007).

Going to the first issue, nothing in the record indicates the child witnesses failed to meet the low threshold for competence. All three children testified coherently and were able to differentiate the truth from a lie. Although the children made some inconsistent statements and expressed some lapses in memory, these common circumstances are

---

[2] Because we reject each of Mr. Espinoza's claims of error, we need not address his claim that his convictions should be reversed under a theory of cumulative error.

insufficient to overcome the strong presumption of competence. *See State v. Carlson*, 61 Wn. App. 865, 874, 812 P.2d 536 (1991).

With respect to the allegation that trial counsel failed to present a defense, the substance of the evidence contemplated by Mr. Espinoza is not part of the trial court record. As such, we have no basis for reviewing whether the evidence would have been helpful to Mr. Espinoza's case. If Mr. Espinoza wishes to expand the record in order to make a claim of ineffective assistance of counsel, the method for doing so is a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

Finally, we disagree with Mr. Espinoza's claim that trial counsel failed to challenge the State's request to admit child hearsay statements. Although trial counsel did not submit briefing on the subject, counsel cross-examined the child witnesses and argued against admission of some of the child hearsay evidence. Mr. Espinoza fails to point out any additional arguments that would have been viable under the existing record. If facts outside the record indicate trial counsel had a stronger basis for challenging the child hearsay statements than what was presented in court, Mr. Espinoza may pursue relief through a personal restraint petition. *Id*. However, we have no basis to find deficient performance on the current record.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Mr. Espinoza has filed a statement of additional grounds for review, raising

arguments premised on facts and evidence outside the record on appeal. As previously noted, the proper avenue for such arguments is a personal restraint petition, not a direct appeal. *Id*. We therefore decline review of these arguments.

## MOTION TO STRIKE FILING FEE

Citing *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Mr. Espinoza has filed a motion requesting that we strike his $200 criminal filing fee. *Ramirez* was decided after the close of briefing in this case. The decision held that the 2018 amendments[3] to Washington's legal financial obligation scheme apply prospectively to cases on direct review at the time of enactment. Of interest to Mr. Espinoza, the 2018 amendments prohibit imposition of a $200 criminal filing fee on defendants who are indigent at the time of sentencing as defined by RCW 10.101.010(3)(a)-(c). RCW 36.18.020(2)(h).

The record before the court indicates Mr. Espinoza's request for relief is controlled by *Ramirez*.[4] Specifically, Mr. Espinoza had no income at the time of sentencing and was therefore indigent as defined by RCW 10.101.010(3)(c) (receiving income of one hundred twenty-five percent or less of the current federally established poverty level). Accordingly, we grant Mr. Espinoza his requested relief and direct the trial court to strike the $200 criminal filing fee from the judgment and sentence.

---

[3] LAWS OF 2018, ch. 269.
[4] The State has not responded to Mr. Espinoza's motion.

No. 35261-7-III
*State v. Espinoza*

## CONCLUSION

The judgment of conviction is affirmed. The matter is remanded to the trial court with instructions to strike the $200 criminal filing fee from Mr. Espinoza's judgment and sentence. Mr. Espinoza has filed a motion requesting that we deny costs on appeal in the event the State substantially prevails on review. Any award of costs will be determined by our clerk or commissioner in accordance with Title 14 RAP.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                                   Fearing, J.

7