# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No.  53385-5-II |
| EDWARD JAMES WILKINS, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, A.C.J. — Edward Wilkins seeks relief from personal restraint imposed as a result of his 2015 convictions for first degree rape of a child and first degree child molestation.  We issued the mandate of Wilkins's direct appeal on March 19, 2018.  His petition, received on March 21, 2019, was placed in the prison mail system on March 19, 2019, making his petition timely filed under GR 3.1 and RCW 10.73.090(3)(b).

A.    AMENDED INFORMATION

Wilkins argues that the amended information adding the charge of first degree child molestation was constitutionally deficient.  Where, as here, the validity of the information was not challenged at trial, the defendant must show that (1) the essential elements do not appear in any form, or by fair construction, in the information and (2) that he was actually prejudiced by the language of the information.  *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991).

> A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact

> with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.083(1).

The amended information charging Wilkins with first degree child molestation alleged:

> The defendant, in the County of Cowlitz, State of Washington, on, about, or between 01/01/2007 and 03/16/2008, being at least thirty-six months older than Jane Doe, DOB 07/08/2004, did engage in sexual contact with Jane Doe, a person who was less than twelve years of age and not married to the defendant, contrary to RCW 9A.44.083 and against the peace and dignity of the State of Washington.

Pet., App. A, at 1. Thus, this information alleges all of the essential elements of the crime and is therefore valid.

Wilkins appears to be under the misapprehension that the child molestation charge had to allege an act separate and distinct from the alleged act of rape of a child. But as explained in his direct appeal, *State v. Wilkins*, 200 Wn. App. 794, 807-08, 403 P.3d 890 (2017), *review denied*, 190 Wn.2d 1004 (2018), the State can charge and convict a defendant of both rape of a child and child molestation for the same act.

B.     INEFFECTIVE ASSISTANCE OF COUNSEL

Wilkins argues that his trial counsel provided ineffective assistance of counsel. To establish ineffective assistance of counsel, Wilkins must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Wilkins argues that his trial counsel provided ineffective assistance of counsel when he did not object to those portions of the victim's child hearsay statement that referred to acts Wilkins committed against other children. But Wilkins's trial counsel objected to the admission of the child hearsay statement under former RCW 9A.44.120 (1995) and *State v. Ryan*, 103 Wn.2d 165, 172, 691 P.2d 197 (1984), and the trial court overruled the objection and admitted the evidence. Wilkins's trial counsel also objected under ER 404(b) to those portions of the statement that referred to acts Wilkins committed against other children. The trial court overruled that objection and we affirmed, holding that the trial court did not abuse its discretion in ruling that ER 404(b) did not apply because the statements went not to the defendant's propensity to commit other bad acts but to the victim's state of mind. *Wilkins*, 200 Wn. App. at 814-15. Wilkins now appears to argue that his trial counsel should also have objected on grounds of hearsay. But given that the trial court had ruled that the statements went to the victim's state of mind, Wilkins does not show that not additionally objecting on grounds of hearsay was below an objective standard of reasonableness. Wilkins fails to show ineffective assistance of counsel.

Wilkins also argues that his trial counsel provided ineffective assistance of counsel by agreeing to the admission of the video containing the victim's child hearsay statement. But trial counsel's objection to the admission of the child hearsay statement had been overruled. Wilkins does not show that his counsel had any valid grounds for additionally objecting to the *video* of the statement and so does not show ineffective assistance of counsel.

Finally, Wilkins argues that his trial counsel provided ineffective assistance of counsel by not calling as witnesses two women, Crystal Clark and "Shawna," who would have testified that

No. 53385-5-II

Wilkins did not have herpes in 2008.[1]  Pet., App. B, at 5.  But Wilkins does not show how either of these women could have been competent witnesses to render such a medical diagnosis and so does not show ineffective assistance of counsel.

## CONCLUSION

Wilkins does not present grounds for relief from restraint.  We, therefore, deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
LEE, A.C.J.

We concur:

_____
WORSWICK, J.

_____
MELNICK, J.

---

[1] The State established that the victim had contracted herpes in 2008 when the child rape and child molestation occurred.  *Wilkins*, 200 Wn. App. at 799-801.

4