**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD BOYDE,
          *Petitioner-Appellant,*

v.

JILL BROWN, Warden,
          *Respondent-Appellee.*

No. 02-99008

D.C. No.
CV-91-02522-WDK

ORDER

Filed September 7, 2005

Before: Jerome Farris, Alex Kozinski and
Barry G. Silverman, Circuit Judges.

## ORDER

**1.** We grant the petition for rehearing and amend the opinion filed April 21, 2005, as provided herein.

**2.** On May 24, 2005, we received a letter from the district judge who presided over Boyde's federal habeas proceeding "bring[ing] to the Court's attention a 'mistake in [the] disposition.' " Letter from the district judge to the clerk of the court of appeals (May 24, 2005) (quoting Ninth Circuit General Order No. 12.10) (second alteration in original). In his letter, the district judge informed us that we had erred in not remanding this case to the district court for an evidentiary hearing to determine whether Boyde had been prejudiced by his attorney's failure to introduce evidence that Boyde suffered physical abuse as a child and was aware that his sisters had been sexually abused. On May 25, the day after we received the district judge's letter, the mandate in this case issued due to a clerical error.

12511

The district judge's letter was unusual, given that respondent, in the nearly five weeks following the filing of the opinion in this case, had not filed a timely petition for rehearing—the usual process by which mistakes in our opinions are corrected. One week after receipt of the district judge's letter by this court and the parties, respondent filed a Motion to Recall Mandate and Correct Disposition. This motion essentially incorporated by reference the arguments in the district judge's letter. Following receipt of respondent's motion, we ordered the mandate recalled, having been issued due to clerical error, and construed respondent's motion to recall the mandate and correct our opinion as a belated petition for rehearing. We ordered petitioner to file a response, which he did, opposing rehearing.

**3.** An evidentiary hearing is not always required to determine whether a petitioner has been prejudiced by ineffective assistance of counsel. *See, e.g.*, *Wiggins* v. *Smith*, 539 U.S. 510, 534-38 (2003); *Silva* v. *Woodford*, 279 F.3d 825, 847 n.17, 849-50 (9th Cir. 2002); *Jackson* v. *Calderon*, 211 F.3d 1148, 1163-64 (9th Cir. 2000). Nevertheless, we exercise our discretion and order such a hearing here. *See Wallace* v. *Stewart*, 184 F.3d 1112, 1118 (9th Cir. 1999).

We recognize, however, that the district judge who previously denied Boyde's habeas petition may be viewed as having assumed the role of advocate by picking up the baton respondent had dropped and sending us a letter that provided a template for respondent's tardy petition for rehearing. Although the district court committed no impropriety in sending the letter, we remand to the Chief Judge of the Central District of California with instructions to reassign the case to a different judge to ensure not only the existence, but the appearance, of impartiality at the evidentiary hearing. *See* M. Margaret McKeown, *Don't Shoot the Canons: Maintaining the Appearance of Propriety Standard*, 7 J. App. Prac. & Process 45, 53-58 (2005) (discussing the importance of maintaining the appearance of judicial impartiality).

Following reassignment, the district court shall conduct an evidentiary hearing to consider Boyde's ineffective assistance of counsel claim relating to his attorney's failure to introduce evidence during the penalty phase that Boyde suffered physical abuse as a child and was aware that his sisters had been sexually abused. Based upon the evidence produced at this hearing, the district court will determine whether there was "a reasonable probability that the jury would have imposed a different sentence but for the errors Boyde's counsel made." *Boyde* v. *Brown*, 404 F.3d 1159, 1180 (9th Cir. 2005) (citing *Strickland* v. *Washington*, 466 U.S. 668, 694 (1984)).

Petition for rehearing **GRANTED;** opinion **AMENDED**; and the case **REMANDED** with instructions.

No further petitions for rehearing will be accepted. The mandate shall issue forthwith. *See* Fed. R. App. P. 2.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO
_____

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.