**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50221 |
| Plaintiff-Appellee, | D.C. No. 8:11-cr-00247-JST-1 |
| v. | |
| OSMAN NORALES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 4, 2015**
Pasadena, California

Before: GOULD and TALLMAN, Circuit Judges, and KORMAN, Senior District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, Senior District Judge for the United
States District Court for the Eastern District of New York, sitting by designation.

Osman Norales was convicted of conspiracy and false claims against the United States. He raises three issues on appeal, none of which warrants reversal. We deal with them seriatim.

First, Norales argues that the district judge erred in denying his motion to dismiss based upon the under-representation of Hispanics on the grand and petit juries. This claim could arguably have some merit under our en banc decision in *United States v. Hernandez-Estrada*, which was decided while Norales's appeal was pending, and which significantly modified the legal framework for assessing fair cross-section claims. 749 F.3d 1154, 1164–65 (9th Cir. 2014) (en banc). Nevertheless, even there, we did not categorically reject the "absolute disparity test," which the district judge applied in denying Norales's under-representation claim. *Id.* at 1165 n.6. Instead, we held that district courts "must consider the evidence proffered by the defendant . . . and employ the most appropriate method, or methods, applicable to the specific challenge in the context of the particular jury pool at issue." *Id.* at 1165. Consequently, we granted a stay of the proceedings to allow Norales to supplement or amend his opening brief.

Against his counsel's advice, Norales replied that "he d[id] not wish the intervening change in the case law to delay his matter." Based on this position, Norales's counsel advised us that he would not make any further submission, and that

defendant "stands on the counseled opening merits brief previously filed before the Court." This brief does not explain why the absolute disparity test applied by the district judge remains "the most appropriate" analytical measure here. Nor does Norales offer any arguments as to which alternative method would be better suited for his case.

Under these circumstances, Norales's rejection of the opportunity to supplement his opening brief constitutes a waiver of his under-representation argument to the extent that it was affected by our en banc decision in *Hernandez-Estrada*. *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006) ("'We will not manufacture arguments for an appellant' who has failed 'to present specific, cogent arguments for [the court's] consideration' . . . ." (alterations in original) (citation omitted)). Moreover, without the benefit of our en banc decision, Norales cannot prevail on his fair cross-section claim. Indeed, he expressly acknowledged in his opening brief that he could not succeed under then-prevailing Ninth Circuit precedent.

Second, Norales argues that the district judge abused her discretion in denying his request to replace appointed counsel. This claim fails because each of the factors relevant to this exercise of discretion were met here. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). First, because the trial was set to begin in just four days and because there had already been two previous continuations, the

district judge reasonably concluded that Norales's motion was untimely. *Id.* Second, the district judge engaged in an "extensive[]" inquiry into the concerns voiced by Norales. *Id.* at 943. Third, the district judge found that defense counsel would not have been able to "represent[] Mr. Norales, as well as he has represented him, had there been a breakdown in the relationship," and there is no evidence to suggest that this finding was erroneous. Indeed, just before the start of the ex parte proceedings on this motion, Norales stated: "Mr. Kewalramani, who is my counsel for the last 11 months, he has been diligently preparing for trial."

Norales's final claim is that the district judge erred in overruling his objection to the removal of a prospective juror under *Batson v. Kentucky*, 476 U.S. 79 (1986). This claim fails at the threshold because "[a] defendant cannot satisfy his 'ultimate burden' [of establishing racial motivation] if he does not offer any evidence to rebut the prosecutor's race-neutral explanation." *Boyde v. Brown*, 404 F.3d 1159, 1171 (9th Cir. 2005), *as amended on reh'g*, 421 F.3d 1154 (9th Cir. 2005). After the prosecutor here gave his reasons for the exercise of the peremptory strike, Norales's attorney said nothing. Moreover, after carefully analyzing the plausibility of the prosecutor's race-neutral explanations, the district judge rejected the objection to the peremptory challenge. Because this finding "turns largely on an 'evaluation of credibility[,]' [t]he trial court's determination is entitled to 'great deference' and 'must be sustained unless

4

it is clearly erroneous.'" *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (per curiam) (citations omitted). Our review of the record persuades us that the district judge's ruling was not clearly erroneous.

**AFFIRMED.**